## IN THE UNITED STATES DISTRICT COURT FOR THE STATE OF CONNECTICUT

| | | |
|---|---|---|
| DEAFUEH MONBO<br>JUAHDI MONBO | * | Civil Action No: JUL 27 2021 PM1:18<br>FILED-USDC-CT-New_Haven |
| | * | 3:21 Cv 1031 (KAD) |
| Plaintiffs | * | **JURY TRIAL DEMANDED** |
| | * | |
| v. | | |
| | * | **COMPLAINT FOR:** |
| ELIZABETH C. LEAMING (individually and | * | **(1) DECLARATORY RELIEF** |
| in her official capacity; JACK W. FISCHER, | * | **(2) INJUNCTIVE RELIEF** |
| (individually and in his official capacity);<br>BARRY F. ARMATA (individually and in his | * | |
| official    capacity);    MARK    STABILE | | |
| (individually and in his official capacity), and | * | |
| TAMMY FLUET (individually and in her | | |
| official capacity) | * | |
| | | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

1

# INDEX TO COMPLAINT

                                                                                  Page

NATURE OF THE ACTION ........................................................................... 2

PARTIES ........................................................................................................ 3

CO-CONSPIRATORS ACTING IN CONCERT ........................................... 5

CONSTITUTIONAL PROVISIONS, STATUTES, AND RULES INVOLVED ............. 6

FACTUAL BACKGROUND ......................................................................... 9

    I.    Plaintiff Deafueh remained unlawfully detained for a total of one hundred and four (104) hours after a warrantless arrest and without a probable cause determination ...................................................................... 9

    II.    Plaintiff Juahdi remained unlawfully detained for a total of eighty-six (86) hours after a warrantless arrest and without a probable cause determination .................................................................................... 10

    III.    Lack of probable cause rendered Plaintiffs' warrantless arrests invalid ......... 12

    IV.    Prosecution was not supported by probable cause so Defendants forged probable cause documents then filed them in Plaintiffs' cases ............13

    V.    Defendants deprived Plaintiffs of equal protection, equal privileges, and immunities due to racial animus .............................................. 15

    VI.    The unlawful June 7, 2021 Re-Arrest Warrants were invalid and violated Plaintiffs' due process and equal protection rights ........................................ 19

    VII.    Defendants acted in absence of authority and jurisdiction in direct violation of constitutional guarantees ............................................ 23

    VIII.    The Court can only be effective, fair, and just if it is allowed to function as the laws prescribed ................................................................. 24

CAUSE OF ACTION ................................................................................. 25

PRAYER FOR RELIEF ............................................................................. 30

INDEX TO EXHIBITS ............................................................................... 32

## DEFENDANTS AND ADDRESSES

| NO. | NAME | ADDRESS |
|---|---|---|
| 1 | ELIZABETH C. LEAMING | **Serve on: Attorney General William Tong** Office of the Attorney General 165 Capitol Avenue Hartford, CT 06106 |
| 2 | JACK W. FISCHER | **Serve on: Attorney General William Tong** Office of the Attorney General 165 Capitol Avenue Hartford, CT 06106 |
| 3 | BARRY F. ARMATA | **Serve on: Attorney General William Tong** Office of the Attorney General 165 Capitol Avenue Hartford, CT 06106 |
| 4 | MARK STABILE | **Serve on: Attorney General William Tong** Office of the Attorney General 165 Capitol Avenue Hartford, CT 06106 |
| 5 | TAMMY FLUET | **Serve on: Attorney General William Tong** Office of the Attorney General 165 Capitol Avenue Hartford, CT 06106 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

DEAFUEH MONBO and JUAHDI MONBO (hereinafter "PLAINTIFFS"), in their Complaint for Declaratory Judgment and Injunctive Relief, allege and state to this honorable Court as follows:

## NATURE OF THE ACTION

1.      PLAINTIFFS bring this action against the Defendants to redress the deprivation of well-established rights secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, and the Connecticut Rules of Criminal Procedures.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, 42 U.S.C. §1985, 42 U.S.C. §1986, and Federal Declaratory Judgment Act, 28 U.S.C. §2201, §2202.

3.      This Court also has general and/or specific personal jurisdiction over Defendants because the Defendants reside in Connecticut, and the Defendants' acts alleged herein occurred in Connecticut.

4.      Venue is proper in the district pursuant to U.S.C. § 1391.

# PARTIES

<u>Plaintiffs:</u>

5.　　At all times relevant, Plaintiff JUAHDI MONBO ("JUAHDI") was a resident of the State of Massachusetts or the State of Maryland. Plaintiff Juahdi is a Ph.D. candidate with specialties in Immunology and Virology. Plaintiff Juahdi also holds a Master's Degree in Biotechnology. Plaintiff Juahdi began her scientific career after graduating college at age 20 when she was awarded a Pre-Doctoral Intramural Research Training Fellowship at the National Institutes of Health. Plaintiff Juahdi is a published scientist who has dedicated over twenty (20) years of research efforts towards finding therapies for viral diseases and cancer. Plaintiff Juahdi is an African-American professional with **no** prior criminal history.

6.　　At all times relevant, Plaintiff DEAFUEH MONBO ("DEAFUEH") was a resident of the State of Maryland.  Plaintiff Deafueh is a licensed Certified Public Accountant (CPA). Plaintiff Deafueh has been a CPA since the young age of 25.  Plaintiff Deafueh also holds a Master's Degree which she also obtained at the age of 25.  Plaintiff Deafueh is the first person in the United States to hold *both* a CPA license and a Master's Degree at the age of 25. Plaintiff Deafueh is widely recognized for her professional authority on accounting subject matters and professional expertise in accounting and financial management practices. Plaintiff Deafueh has been recognized as International Person of the Year by the International Biographical Centre of England in 1999 at the age of 27.   Plaintiff Deafueh has also been recognized as "Who's Who in America's Finance & Industry" by Marquis Who's Who's, a renowned publisher of the top business professionals and achievers from the United States and around the world in 2000 at the age of 28. Plaintiff Deafueh has also served as an adjunct Accounting Professor of Howard Community College from 2002 – 2004, where she instructed college students on principles of accounting. Plaintiff Deafueh is the author of Accounting 101 Made Easy: Principles of Accounting I,

3

published in 2002 at the age of 30.   Plaintiff Deafueh is also a business owner and has owned multiple businesses since the age of 29. Today, Plaintiff Deafueh does business throughout the United States and internationally. Plaintiff Deafueh advises key government agencies and corporate management on accounting best practices. Plaintiff Deafueh's clients include billion-dollar institutions. Plaintiff Deafueh is an African-American professional with **no** prior criminal history.

Defendants:

7.     Defendant JACK FISCHER is sued in his official and individual capacity.  Jack Fischer is a Criminal Court Judge in Danielson, Connecticut (Geographical Area No. 11) and is the presiding Judge in Plaintiffs' respective cases.

8.     Defendant BARRY ARMATA is sued in his official and individual capacity.  Barry Armata is a Civil Court Judge in Rockville, Connecticut (Geographical Area No. 19).

9.     Defendant MARK STABILE is sued in his official and individual capacity. Mark Stabile was the State Prosecutor for Danielson, Connecticut in September 2019.

10.     Defendant ELIZABETH LEAMING is sued in her official and individual capacity. Elizabeth Leaming is the successor State Prosecutor for Danielson, Connecticut, assigned to the Plaintiffs' case after Defendant Mark Stabile was removed from Plaintiffs' cases.

11.     Defendant TAMMY FLUET is sued in her official and individual capacity.  Tammy Fluet is the Deputy Chief Clerk at the Danielson Courthouse.

4

## CO-CONSPIRATORS ACTING IN CONCERT

12.     Each of the Defendant has acted in concert with various co-conspirators in the interference of civil rights and the deprivation of equal protection of the law as alleged in this complaint.  Plaintiffs are informed and believe, and on this basis allege, that at all times herein mentioned, each of the Defendants was co-conspirator of each of the other Defendants and in doing the civil rights violations and illegal activities against the Plaintiffs described herein, was acting within the course and scope of their authority as co-conspirators with the permission and consent of their Co-Defendants and, further, that the Defendants and each of them have authorized, ratified, and approved the acts of the other Defendants with full knowledge of those acts. Defendants are properly deemed to be acting in concert because the combined force of their actions serves to multiply the harm caused to Plaintiffs.

# CONSTITUTIONAL PROVISIONS, STATUTES, AND RULES INVOLVED

13.    **Fourth Amendment**

The Fourth Amendment requires that judicial probable cause where a warrantless arrest has occurred. The U.S. Supreme Court, in *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975), mandated that persons arrested without a warrant and held by the police must be given a preliminary hearing to determine if there is probable cause. In *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991), the Court made it a constitutional requirement that a prompt judicial determination of probable cause follow a warrantless arrest. It ruled that a determination must be made without unreasonable delay, and in no event later than forty-eight hours after arrest. Therefore, all state and federal warrantless arrests must comply with the holdings of *Gerstein* and *County of Riverside*.

14.    **Fourteenth Amendment**

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of the law; nor deny to any person within its jurisdiction the equal protection of the laws."

15.    **42 U.S.C § 1985 — Conspiracy to Interfere with Civil Rights**

**(2)** If two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

**(3)** A conspiracy involving two or more persons for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and an act in furtherance of the conspiracy which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

16.    **42 U.S.C § 1986 — Action for Neglect to Prevent**

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action.

# CONNECTICUT PRACTICE BOOK

17.    **Rule 3.8 (1) Special Responsibilities of a Prosecutor**

The prosecutor in a criminal case shall refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause.

18.    **Section 36-11 — Information and Complaint; Use**

All felonies shall be prosecuted by information. All misdemeanors, violations, and infractions shall be prosecuted by information or complaint. In all jury cases, and in all other cases on written request of the defendant, the prosecuting authority as of course shall issue an information in place of the uniform summons and complaint. (P.B. 1978-1997, Sec. 616.)

19.    **Section 36-15 — Filing and Availability of Information**

The information or complaint shall be filed with the clerk and be available for inspection by the defendant or counsel for the defendant. Upon written request, a copy thereof shall be furnished without charge to the defendant or counsel for the defendant. (P.B. 1978-1997, Sec. 620.)

20.    **Section 37-2 — Information and Materials to Be Provided to the Defendant Prior to Arraignment**

Prior to the arraignment of the defendant before the judicial authority to determine the existence of probable cause to believe such person committed the offense charged or to determine the conditions of such person's release pursuant to Section 38-4, the prosecuting authority shall provide the defendant or counsel with a copy of any affidavit or report submitted to the Court for the purpose of making such determination.

21.    **Section 37-12(a) — Defendant in Custody; Determination of Probable Cause**

If a defendant has been arrested without a warrant and has not been released from custody by the time of the arraignment or is not released at the arraignment pursuant to Section 38-4, the judicial authority shall, unless waived by the defendant, make an independent determination as to whether there is probable cause for believing that the offense charged has been committed by the defendant. Unless such a defendant is released sooner, such probable cause determination shall be made no later than forty-eight hours following the defendant's arrest. Such determination shall be made in a non-adversary proceeding, which may be ex parte based on affidavits. If no such probable cause is found, the judicial authority shall release the defendant from custody.

22.    **Section 38-19 — Violation of Conditions of Bail; Order to Appear**

Upon application by the prosecuting authority alleging that a defendant has violated the conditions of release, a judicial authority may, if probable cause is found, order that the defendant appear in Court for a hearing upon such allegations. Said order shall be served upon the defendant (1) by delivering a copy to the defendant personally, (2) by leaving it at his or her usual place of abode with a person of suitable age and discretion then residing therein, (3) by mailing it by registered or certified mail to the defendant's last known address, or (4) by serving the order upon the defendant's counsel who shall notify the defendant of the order and the hearing date. If service is made pursuant to (4) above and such service proves insufficient to give the defendant notice, then service shall be made as otherwise provided in this section. (P.B. 1978-1997, Sec. 682.)

8

## FACTUAL BACKGROUND

**NOTE**: Factual background section does <u>not</u> contain all the facts and circumstances known to the Plaintiffs about this matter. It was prepared solely to litigate this Complaint.

### <u>Fourth Amendment Violations</u>

23.     The Fourth Amendment requires that judicial probable cause where a warrantless arrest has occurred. The U.S. Supreme Court, in *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975), mandated that persons arrested <u>without a warrant</u> and held by the police must be given a preliminary hearing to determine if there is probable cause. In *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991), the Court made it a constitutional requirement that a prompt judicial determination of probable cause follow a warrantless arrest. It ruled that a determination must be made without unreasonable delay, and in no event later than forty-eight hours after arrest. Therefore, all state and federal warrantless arrests must comply with the holdings of *Gerstein* and *County of Riverside*.

**I.    Plaintiff Deafueh remained unlawfully detained for a total of one hundred and four (104) hours after a warrantless arrest and without a probable cause determination.**

24.     Around noon on Friday, September 13, 2019, Plaintiff Deafueh was illegally arrested by Trooper Ethan Tanksley, Trooper James Esposito, and Trooper Leroux in Killingly, Connecticut <u>without</u> a warrant.

25.     Plaintiff Deafueh was taken to the Troop D Police Station in Danielson, where Plaintiff Deafueh was illegally detained and stayed overnight.

26.     On <u>Saturday, September 14, 2019</u>, Troopers transported Plaintiff Deafueh to the York Correctional Institution, where Plaintiff Deafueh was again unlawfully detained.

9

27.    Plaintiff Deafueh was detained for more than 48 hours after a warrantless arrest. During this period, the Court did not hold a probable cause hearing, in violation of the Fourth Amendment and Plaintiff's fundamental right to Due Process.

28.    On <u>Monday, September 16, 2019</u>, approximately seventy (70) hours after Plaintiff Deafueh's warrantless arrest and while Plaintiff Deafueh was still in custody, Plaintiff Deafueh was brought before Defendant Jack Fischer for arraignment.

29.    Instead of releasing Plaintiff Deafueh from custody and dismissing her case Defendant Jack Fischer set a $20,000 bail for Plaintiff Deafueh.

30.    After the Arraignment, Defendant Jack Fischer ordered Plaintiff Deafueh to remain in custody.

31.    Plaintiff Deafueh was returned to the York Correctional Institution and was further detained on a warrantless arrest and without a probable cause determination hearing in reckless disregard for Plaintiff Deafueh's Fourth Amendment rights.

32.    Plaintiff Deafueh remained detained at the York Correctional Institution until Tuesday, September 17, 2019.

33.    In all, from September 13, 2019 through September 17, 2019, Plaintiff Deafueh remained unlawfully detained for a total of one-hundred and four (104) hours after a warrantless arrest and without a probable cause determination hearing in violation of the Fourth Amendment and in violation of the Supreme Court's holding in *Gerstein* and *County of Riverside*.

II.    **Plaintiff Juahdi remained unlawfully detained for a total of eighty-six (86) hours after a warrantless arrest and without a probable cause determination.**

34.    On <u>Saturday, September 14, 2019</u>, around 6:30 a.m., Plaintiff Juahdi was illegally arrested <u>without</u> a warrant by Trooper Howard Smith.

35.     Plaintiff Juahdi was taken to the Troop D Police Station in Danielson, where she was illegally detained.

36.     Thereafter, Plaintiff Juahdi was transported to the York Correctional Institution, where she was again unlawfully detained.

37.     Plaintiff Juahdi was detained for more than 48 hours after a warrantless arrest. During this period, the Court did not hold a probable cause hearing, in violation of the Fourth Amendment and Plaintiff's fundamental right to Due Process.

38.     On Monday, September 16, 2019, more than fifty (50) hours after Plaintiff Juahdi's warrantless arrest and while Plaintiff Juahdi was still in custody at the York Correctional Institution, Plaintiff Juahdi was brought before Defendant Jack Fischer for arraignment.

39.     Instead of releasing Plaintiff Juahdi from custody and dismissing her case, Defendant Jack Fischer set a $10,000 bail for Plaintiff Juahdi.

40.     After the Arraignment, Defendant Jack Fischer ordered Plaintiff Juahdi to remain in custody.

41.     Plaintiff Juahdi was returned to the York Correctional Institution and was further detained on a warrantless arrest and without a probable cause determination hearing in reckless disregard for Plaintiff Juahdi's Fourth Amendment rights.

42.     Plaintiff Juahdi remained detained at the York Correctional Institution until Tuesday, September 17, 2019.

43.     In all, from September 14, 2019 through September 17, 2019, Plaintiff Juahdi remained unlawfully detained for a total of eighty-six (86) hours after a warrantless arrest and without a probable cause determination hearing in violation of the Fourth Amendment and the Supreme Court's holding in *Gerstein* and *County of Riverside*.

11

III.    Lack of probable cause rendered Plaintiffs warrantless arrests invalid.

44.    Motivated by racial animus against African-Americans, Defendants Jack Fischer, Mark Stabile, and Barry Armata conspired to initiate criminal proceedings on September 16, 2019 against Plaintiff Deafueh and Plaintiff Juahdi when they knew that the State of Connecticut lacked probable cause.

45.    In December 2019, Defendant Elizabeth Leaming took over Plaintiffs' respective cases after Defendant Mark Stabile was removed from Plaintiff cases. Instead of dismissing Plaintiffs' cases for lack of probable case, Defendant Elizabeth Leaming too, acting in concert with the other defendants, conspired to continue to unlawfully prosecute Plaintiffs without probable cause.

46.    In the absence of an independent determination of probable cause within 48 hours of warrantless arrests, both Plaintiff Deafueh's and Plaintiff Juahdi's cases should have been dismissed on September 16, 2019 by the Court as a matter of law.

47.    Therefore, all orders of the Danielson Court after September 16, 2019 are void, and of no legal force or effect.

48.    The Danielson Court and its Court Officials lack jurisdiction over Plaintiff Deafueh and Plaintiff Juahdi.

49.    Plaintiffs continue to suffer irreparable harm by Defendants' ongoing failure to dismiss these illegal criminal proceedings. As of July 29, 2021, almost two years after Plaintiffs' warrantless arrests, Plaintiffs' cases had appeared on the docket twenty (20) times despite Plaintiffs filing Motions to Dismiss for lack of probable cause. **Exhibit 1, Exhibit 2, Exhibit 3, and Exhibit 4**

**IV.    Prosecution was not supported by probable cause so Defendants forged probable cause documents then filed them in Plaintiffs' cases.**

50.    On March 31, 2021, Plaintiffs obtained copies of their files from the Danielson Court Clerk's Office.

51.    Upon examination of the documents in their files, Plaintiffs discovered that Defendants Elizabeth Leaming, Jack Fischer, Barry Armata, Mark Stabile, and Tammy Fluet had placed fake "Probable Cause Documents" into Plaintiffs' case files. **Exhibit 5 and Exhibit 6**

52.    The fake "Probable Cause Documents" contained a fictitious signature of a Judge "Armata, J". **Exhibit 5 and Exhibit 6**

53.    However, Plaintiffs noticed that a Judge by the name of Barry Armata shows up in Rockville, Connecticut (Geographical Area No. 19). **Exhibit 7, Exhibit 8, and Exhibit 9**

54.    Barry Armata does not handle criminal cases.

55.    Barry Armata is a Civil Judge who works in the Tolland Judicial District.

56.    Barry Armata handles civil cases in the following towns, which make up Geographical Area No. 19:  Andover, Bolton, Columbia, Coventry, Ellington, Hebron, Mansfield, Sommers, Stafford, Tolland, Union, Vernon, and Willington. **Exhibit 10**

57.    Barry Armata has never been assigned to Plaintiffs' cases.

58.    Barry Armata does not have authority or jurisdiction in Danielson, Connecticut (Geographical Area No. 11), where Plaintiffs' cases are pending.

59.    **The fake "Probable Cause Documents" were supposedly signed by a judge named "Armata, J" on a Sunday (9/15/2019) when the Danielson Courthouse was closed.**

60.    Of additional importance, Plaintiffs' bail amounts of $10,000 and $20,000 can be found on the fake "Probable Cause Documents," which were signed and dated on Sunday, September 15, 2019.  However, Defendant Jack Fischer did not set Plaintiffs' bails until Monday,

September 16, 2019. Plaintiffs' bail amounts should not have been known on September 15, 2019, because their arraignments had not taken place yet.

61.     The "Probable Cause Documents" were forged after the Plaintiffs' arraignments to keep Plaintiffs' cases opened.

62.     Other falsified information found within Plaintiff Juahdi's "Probable Cause Document" are listed here: 1) Trooper Bryan Stadnicki who electronically signed the affidavit in Plaintiff Juahdi's case was not on the scene when Plaintiff Juahdi was arrested. 2) Two different troopers (TFC Bryan Stadnicki and TFC "E") signed the affidavit in Plaintiff Juahdi's case using the same badge number #1014.

63.     Defendants Elizabeth Leaming, Jack Fischer, Barry Armata, Mark Stabile, and Tammy Fluet conspired to falsify and forge "Probable Cause Documents" then filed the fake "Probable Cause Documents" in Plaintiffs' cases for the purpose of denying Plaintiffs equal protection of the law.

64.     Defendants Elizabeth Leaming, Jack Fischer, Barry Armata, Mark Stabile, and Tammy Fluet knowingly and intentionally filed with the Clerk's Office forged "Probable Cause Documents" containing material false statements, and fictitious signatures of a Judge "Armata, J".

65.     Defendants Elizabeth Leaming, Jack Fischer, Barry Armata, Mark Stabile, and Tammy Fluet knew that they acted in clear absence of jurisdiction and outside their judicial capacity when they knowingly and intentionally forged the "Probable Cause Documents".

66.     Additionally, since the purported determination of probable cause comes from a forged document which contains a fictitious signature of a Judge or the signature of a Judge who does not have authority or jurisdiction in Geographical Area 11, all orders of the Danielson Court after September 16, 2019 are void, and of no legal force or effect.

14

67.    When Defendants Elizabeth Leaming, Jack Fischer, Barry Armata, Mark Stabile, and Tammy Fluet, and acted intentionally and knowingly to deprive Plaintiff Deafueh and Plaintiff Juahdi of their constitutional rights, they exercised no discretion or individual judgment; they no longer acted as Officers of the Court, but as "ministers" of their own prejudices.

68.    Defendants Jack Fischer and Barry Armata's oath of office includes the undertaking to uphold the laws and Constitution of the United States. When Defendants Jack Fischer and Barry Armata violated such undertakings as they have done in Plaintiffs' cases, they lost jurisdiction, resulting in their orders being VOID, and they themselves have committed treasonable offenses against the United States.

## Fourteenth Amendment Violations

69.    The *Fourteenth Amendment* to the Constitution provides that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor to deny any person within its jurisdiction the equal protection of the laws."

## V.    Defendants deprived Plaintiffs of equal protection, equal privileges, and immunities due to racial animus.

70.    Plaintiffs are African-American professionals who were unlawfully arrested in Danielson, a town in which blacks make up only one-percent (1%) of the population.

71.    Due to racial animus, Defendants Elizabeth Leaming, Jack Fischer, Barry Armata, and Mark Stabile deviated from the Rules of Criminal Procedures governed by the United States Constitution, and as a result violated Plaintiffs' Due Process and Equal Protection Rights.

15

72.     The Supreme Court has held that practically all the criminal procedural guarantees of the Bill of Rights—the Fourth, Fifth, Sixth, and Eighth Amendments—are fundamental to state criminal justice systems and that the absence of one or the other particular guarantees denies a suspect or a defendant due process of law under the Fourteenth Amendment.

73.     Plaintiff Deafueh and Plaintiff Juahdi, have been disenfranchised by Defendants Elizabeth Leaming, Jack Fischer, Barry Armata, and Mark Stabile as outlined below in *A-E*:

## A.    *Violation of Section 37-12(a), Connecticut Practice Book*

74.     Connecticut Practice Book, Section 37-12 prescribes the time when the judicial authority must make an independent determination as to whether there is probable cause for believing that the offense charged has been committed by a person arrested without a warrant.

75.     In violation of Section 37-12, on September 16, 2019, Plaintiff Deafueh and Plaintiff Juahdi were brought before Defendant Jack Fischer for in-custody arraignments. However, no probable cause hearing was held.

76.     Plaintiff Deafueh remained detained for one hundred and four hours (104) without a probable cause hearing.  Plaintiff Juahdi, on the other hand, remained detained for eighty-six (86) hours without a probable cause hearing.

77.     As a result, Plaintiffs' Due Process rights have been violated.

## B.    *Violation of Section 37-2, Connecticut Practice Book*

78.     Connecticut Practice Book, Section 37-2 prescribes that prior to the arraignment the Prosecutor must provide the accused with a copy of any affidavit or report submitted to the Court for the purpose of making such determination.

16

79.     In violation of Section 37-2, Defendant Mark Stabile never provided Plaintiff Deafueh and Plaintiff Juahdi with copies of any affidavit or report submitted to the Court for the purposes of making probable cause determination prior to the September 16, 2019 arraignment of Plaintiff Deafueh and Plaintiff Juahdi.   Thus, Defendants violated Section 37-2 of the Connecticut Practice Book, and Plaintiffs' Due Process and Equal Protection rights.

## C.  *Violation of Section 36-11 and Section 36-15, Connecticut Practice Book*

80.     On September 14, 2019, Plaintiff Juahdi was arrested without a warrant. On September 16, 2019, Defendant Mark Stabile initiated criminal proceedings against Plaintiff Juahdi without probable cause, alleging that Plaintiff Juahdi had committed a felony and a misdemeanor.

81.     The Court did not conduct a proceeding – or preliminary hearing – where the State of Connecticut was required to present enough evidence to establish probable cause to believe that Plaintiff Juahdi committed any crime.

82.     Felony prosecutions may proceed only after a judge or grand jury determines that there is probable cause to believe that the specific individual charged committed specific crimes. This is done either by information presented for examination and approval by a judge, or by indictment after a grand jury hearing and vote. In Plaintiff Juahdi's case, there is no grand jury indictment and no information.

83.     An independent determination of probable cause was never made in Plaintiff Juahdi's alleged felony case. Consequently, Defendant Mark Stabile did not present an information to the Court.

84.     However, Section 36-11 of the Connecticut Practice Book requires felonies to be prosecuted by information.

17

85.     In fact, no information was ever filed with the Clerk's Office in Plaintiff Juahdi's case, in direct conflict with Section 36-15 of the Connecticut Practice Book.

86.     Under Connecticut and Federal law, in any felony case, a warrantless arrest or a criminal complaint is not enough to require the accused to stand trial for a felony charge.

87.     Therefore, Defendants Jack Fischer, Mark Stabile, Barry Armata, and Elizabeth Leaming illegally committed Plaintiff Juahdi to trial when they denied her substantial legal and constitutional rights to a probable cause hearing on the alleged felony charge.

88.     Defendants Jack Fischer, Barry Armata, Mark Stabile, and Elizabeth Leaming violated Plaintiff Juahdi's Fourteenth Amendment rights and Sections 36-11 and 36-15 of the Connecticut Practice Book.

89.     Plaintiff Juahdi's case should have been dismissed on September 16, 2019 as a matter of law.

### D. *Violation of Rule 3.8 (1), Connecticut Practice Book*

90.     Rule 3.8 (1) of the Connecticut Practice Book prescribes that the prosecutor in a criminal case shall refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause.

91.     Defendants Mark Stabile, Elizabeth Leaming, and their co-conspirators continued to prosecute charges against Plaintiffs that they knew were not supported by probable cause.

92.     Defendants Mark Stabile and Elizabeth Leaming had a constitutional obligation to dismiss Plaintiff Deafueh and Plaintiff Juahdi's cases for lack of probable cause.

### E.    *Violation of the Equal Protection Clause -- Fourteenth Amendment*

93.    The Fourteenth Amendment's Equal Protection Clause requires states to practice equal protection. Equal protection forces a state to govern impartially without drawing distinctions between individuals solely on differences that are irrelevant to a legitimate governmental objective. Thus, the Equal Protection Clause is crucial to the protection of civil rights.

94.    Defendants Elizabeth Leaming, Jack Fischer, Barry Armata, and Mark Stabile have violated the Equal Protection Clause of the Fourteenth Amendment and have violated Plaintiff Deafueh and Plaintiff Juahdi's guaranteed equal protection rights.

95.    Defendants Elizabeth Leaming, Jack Fischer, Barry Armata, and Mark Stabile have deprived Plaintiff Deafueh and Plaintiff Juahdi equal protection of the law.

## VI.    The unlawful June 7, 2021 Re-Arrest Warrants were invalid and violated Plaintiffs' due process and equal protection rights.

96.    It must be noted that Plaintiffs' cases were initiated in September 2019 and since then Plaintiffs, who live in Maryland, have not missed a court date in Connecticut.

97.    In anticipation of Plaintiffs' Evidentiary Hearing on their respective pending Motion to Dismiss for lack of probable cause, Plaintiffs requested to receive signed Subpoena and Deposition Orders from Defendant Jack Fischer and Bills of Particulars from Defendant Elizabeth Leaming on June 7, 2021.

98.    On May 17, 2021, Plaintiffs notified the Danielson Court in writing that they were not available on June 7, 2021 after all. Defendant Elizabeth Leaming was served with a copy of Plaintiffs' notices. **Exhibit 11 and Exhibit 12**

99.    The Danielson Court had eighteen (18) days advance notice that Plaintiffs would not be available on June 7, 2021. Hence, the Court should have scheduled a new Pre-Trial date.

19

100. On June 7, 2021, Defendant Tammy Fluet and Jennifer Barry filed falsified Re-Arrest Warrant applications and made false allegations that Plaintiffs failed to appear to Court even though Defendant Elizabeth Leaming and the Court already knew eighteen (18) days in advance that Plaintiffs would not appear at Court on June 7, 2021.

101. The Re-Arrest Warrant applications were not only falsified, but also invalid and unlawful because the Court lacked probable cause.

102. Moreover, the Re-Arrest Warrant applications contained material misstatements and omissions and were not signed and filled out by the appropriate persons. **Exhibit 13 and Exhibit 14**

103. Jennifer Barry falsely signed the Re-Arrest Warrant applications as the "Deputy Assistant State's Attorney" and "Prosecutor" when she is neither the Deputy Assistant State's Attorney nor the Prosecutor in Plaintiffs' cases.

104. Jennifer Barry has no connection to Plaintiffs' cases. Defendant Elizabeth Leaming, on the other hand, is the Deputy Assistant State's Attorney and Prosecutor in Plaintiffs' cases.

105. Although Defendant Elizabeth Leaming was present at the Danielson Courthouse on June 7, 2021, she asked Jennifer Barry, who does not have any connection to Plaintiffs' cases, to apply for the falsified Re-Arrest Warrants.

106. Alternatively, Defendant Elizabeth Leaming and/or her co-conspirators forged Jennifer Barry's signature.

107. Defendant Elizabeth Leaming wanted to conceal the fact that she and Defendant Jack Fischer were falsely issuing warrants for Plaintiffs' re-arrest to create fraudulent new charges in Plaintiffs' cases so that the State of Connecticut could continue to prosecute charges against Plaintiffs.

108.    The information and statements in the June 7, 2021 Re-Arrest Warrant applications were false and inaccurate. The affidavits provided by Defendant Tammy Fluet in support of the Re-Arrest Warrant applications were false and showed reckless disregard for the truth.

109.    Defendant Tammy Fluet falsely signed affidavits to accompany the Re-Arrest Warrant application in which she swore under the penalty of perjury that the "Warrant/Summons/Ticket was served on the accused charging the commission of the following offenses, motor vehicle violation(s) or infraction(s)…"

110.    In actuality, Plaintiffs were never served with any warrants, summons, or tickets on or before June 7, 2021.

111.    Furthermore, Defendant Tammy Fluet improperly swore before Ariana Quintero, a temporary paralegal.  The Re-Arrest Warrant applications required Defendant Tammy Fluet to make sworn statements before a Judge, Clerk, or Commissioner of the Superior Court.

112.    Ariana Quintero does not have the authority to legally authenticate sworn statements for a Re-Arrest Warrant application.

113.    The Re-Arrest Warrants were unconstitutional and brought in bad-faith.

114.    Moreover, Section 38-19 of the Connecticut Practice Book states that "Upon application by the prosecuting authority alleging that a defendant has violated the conditions of release, a judicial authority may, if probable cause is found, order that the defendant appear in court for a hearing upon such allegations".

115.    Defendant Jack Fischer violated Plaintiffs' Due Process rights and Section 38-19 of the Connecticut Practice Book when he issued the Re-Arrest Warrants on June 7, 2021, without first holding a hearing on such allegations made by Tammy Fluet and Jennifer Barry.

21

116.    Defendant Jack Fischer acted in the absence of jurisdiction when he signed the invalid Re-Arrest Warrants, charged Plaintiffs with "Failure to Appear", and increased the bail amount to $30,000 for Plaintiff Juahdi and $60,000 for Plaintiff Deafueh without probable cause and without holding a hearing.

117.    Defendants Elizabeth Leaming, Jack Fischer, and Tammy Fluet conspired with Jennifer Barry and Ariana Quintero to apply for and issue the invalid Re-Arrest Warrants, thereby violating Plaintiffs' Fourth Amendment, Due Process, and Equal Protection Rights.

118.    Defendants Elizabeth Leaming, Jack Fischer, Tammy Fluet, and their co-conspirators acted outside the scope of their authority and in absence of all jurisdiction over Plaintiffs when they intentionally applied for and issued the falsified Re-Arrest Warrants.

119.    Defendants conspired to illegally commit Plaintiffs to trial by unlawfully adding fraudulent Failure to Appear charges to Plaintiffs' cases after Plaintiffs had filed Motions to Dismiss for lack of probable cause.

120.    On June 7, 2021 Defendants Jack Fischer, Tammy Fluet, and Elizabeth Leaming issued unlawful Re-Arrest Warrants without probable cause in Plaintiffs' cases that should have been dismissed on September 16, 2019 for lack probable cause.

121.    The actions of the Defendants have threatened Plaintiffs' liberty and freedom, and violated Plaintiffs' rights to Fundamental Fairness.

## VII.   Defendants acted in absence of authority and jurisdiction in direct violation of constitutional guarantees.

122.   Defendants were acting as co-conspirators under the color of law, outside the scope of their authority, and in absence of all jurisdiction over Plaintiffs when Defendants (1) failed to hold a probable cause hearing within 48 hours after a warrantless arrest, (2) forged and falsified court records in criminal proceedings, and (3) continued to prosecute Plaintiffs for charges which Defendants know are not supported by probable cause and no probable cause hearing was held.

123.   The acts and omissions of Defendants were intentional and occurred with willful and wanton disregard and reckless indifference to the constitutionally protected civil rights of Plaintiffs.

124.   Defendants conspired to obstruct the course of justice in Plaintiffs' cases pending in the Danielson Court, and interfered with the equal protection of the law.

125.   Defendants conspired for the purpose of preventing, impeding, hindering, obstructing the dismissal of Plaintiffs' cases in order to continue the unlawful criminal proceedings against Plaintiffs, who are African-Americans with **no** previous criminal record.

126.   Each Defendant acting as co-conspirator neglected to prevent the furtherance of the conspiracy to deprive Plaintiffs of well-established rights secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States of America and the Connecticut Rules of Criminal Procedures.

23

**VIII.    The Court can <u>only</u> be effective, fair, and just if it is allowed to function as the laws prescribed.**

127.    The Court should be an unbiased, but methodical "creature" which is governed by the Rules of Criminal Procedure and the United States Constitution.

**TABLE 1:** Summary of the unconstitutional acts of the Defendants acting in concert with co-conspirators in furtherance of the violations of the Provisions, Statutes, and Rules overseen by Constitutional law.

| No. | Unconstitutional Acts of Defendants | Provisions, Statutes, and Rules Violated |
|---|---|---|
| 1 | Detained Plaintiffs for more than 48 hours without an independent determination of probable cause after a warrantless arrest | Fourth Amendment<br>Conn. Practice Book, Section 37-12(a) |
| 2 | Prosecuted charges against Plaintiffs that are not supported by probable cause | Fourteenth Amendment<br>Conn. Practice Book, Rule 3.8 (1) |
| 3 | Deprived Plaintiff of a preliminary hearing in an alleged felony case | Fourth Amendment |
| 4 | Before arraignment, Defendant failed to provide Plaintiffs with a copy of any affidavit or report submitted to the Court for the purpose of making a probable cause determination | Fourth Amendment<br>Fourteenth Amendment<br>Conn. Practice Book, Rule 37-2 |
| 5 | Prosecuted an alleged felony charge against Plaintiff without an information; Information not filed with Clerk's Office | Conn. Practice Book, Section 36-11<br>Conn. Practice Book, Section 36-15 |
| 6 | Falsified Re-Arrest Warrant applications | Fourteenth Amendment |
| 7 | Issued Re-Arrest Warrants against Plaintiffs without probable cause | Fourteenth Amendment |
| 8 | Increased Plaintiffs' bail amounts without holding a hearing | Fourteenth Amendment<br>Conn. Practice Book, Section 38-19 |
| 9 | Filed false "Failure to Appear" charges on June 7, 2021 in proceedings that should have been dismissed for lack of probable cause on September 16, 2019 | Fourth Amendment<br>Fourteenth Amendment |

24

## FIRST CAUSE OF ACTION

### Declaratory Relief That Forging or Falsifying Court Documents for the Purpose of Obstructing the Course of Justice is Unconstitutional

### (Against All Defendants)

### I.

128.    Plaintiffs re-allege and incorporate by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

129.    There is no Judge by the name of "Armata, J" in the State of Connecticut.

130.    Defendants knowingly and intentionally forged a fictitious signature of a Judge and knowingly conspired in using such fictitious signature of a Judge, for the purpose of authenticating a proceeding and for the purpose of authenticating probable cause documents, knowing such signature to be false and fictitious. Defendants filed with the Clerk's Office forged "Probable Cause Documents" containing material statements that they knew to be false.

131.    For the reasons stated above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C.§ 2201 that forging or falsifying court documents for the purpose of obstructing the course of justice is unconstitutional.

132.    Plaintiffs repeat and re-allege their claim for Declaratory Relief and Injunctive Relief.

### II.

133.    Plaintiffs re-allege and incorporate by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

134.    Defendants knowingly and intentionally falsified and issued Re-Arrest Warrants for the purpose of adding fraudulent Failure to Appear charges to Plaintiffs' cases to continue the unlawful proceedings, after Plaintiffs had filed Motions to Dismiss for lack of probable cause.

25

135.    Plaintiffs have been injured and damaged, and have suffered a severe violation of their Constitutional Rights as a result of the falsified Re-Arrest Warrants.

136.    For the reasons stated above, Plaintiffs are entitled to a declaratory judgment pursuant to 28 U.S.C.§ 2201 that it is unconstitutional to use, attempt to use, possess, obtain, accept, to provide any forged, counterfeit, altered, or falsely made document for the purpose of authenticating a Re-Arrest Warrant application, or tender in evidence any such falsified or invalid document, knowing such document to be false.

137.    This Court has jurisdiction over the declaratory issue pursuant to 28 U.S.C. §1331.

## SECOND CAUSE OF ACTION

**Declaratory Judgment that Defendants Conspired to Interfere with Plaintiffs' Civil Rights – 42 U.S.C. § 1985**

## (Against All Defendants)

138.    Plaintiffs re-allege and incorporate by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

139.    42 U.S.C. § 1985(3) make it unlawful for two or more persons to conspire for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and an act in furtherance of the conspiracy which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

140.    Each of the Defendants has acted in concert with various co-conspirators in carrying out the deprivation of civil rights and civil rights abuses against Plaintiffs, who are African-Americans, for the purpose of directly depriving Plaintiffs the equal protection of the laws and other guaranteed constitutional rights in a criminal proceeding.

26

141. Defendants have authorized, ratified and approved the acts of the other Defendants with full knowledge of those acts to violate Plaintiffs' Fourth, and Fourteenth amendments rights guaranteed to them by the United States Constitution.

142. Plaintiffs have been injured and damaged, and are suffering severe violations of their Constitutional rights.

143. Defendants are liable to Plaintiffs for Declaratory and Injunctive Relief for violation of the Plaintiffs' Constitutional rights.

144. Plaintiffs repeat and re-allege their claim for Declaratory Relief and Injunctive Relief.

## THIRD CAUSE OF ACTION
### Declaratory Judgment that Defendants Neglected to Prevent – 42 U.S.C. § 1986
### (Against All Defendants)

145. Plaintiffs re-allege and incorporate by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

146. At any time, Defendants could have dismissed their unlawful cases, but they neglected to do so. Instead, Defendants conspired to continue the unlawful prosecution of charges against Plaintiffs for almost two years without probable cause in violation of the U.S. Constitution.

147. Plaintiffs have been injured and damaged, and are suffering irreparable harm.

148. Defendants are liable to Plaintiffs for Declaratory and Injunctive Relief for violation of the Plaintiffs' Constitutional rights.

149. Plaintiffs repeat and re-allege their claim for Declaratory Relief and Injunctive Relief.

## FOURTH CAUSE OF ACTION

**Declaratory Relief That Defendants Violated Plaintiffs' Fourth Amendment Rights**

**(Against All Defendants)**

150. Plaintiffs re-allege and incorporate by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

151. The Fourth Amendment of the United States Constitution guarantees persons, including Plaintiff Deafueh and Plaintiff Juahdi, the right to be free from deprivations of their liberty without due process of law.

152. At all times relevant hereto, it was the duty of Defendants to act reasonably and in compliance with the Fourth Amendment of the Constitution.

153. At all times relevant hereto, the Defendants were acting in absence of all jurisdiction in violation of federal and state laws.

154. The facts described herein constitute violations of several rights guaranteed to Plaintiffs by the United States Constitution.

155. Defendants are liable to Plaintiffs for Declaratory and Injunctive relief for violation of the Plaintiffs' Constitutional rights.

156. Plaintiffs repeat and re-allege their claim for Declaratory Relief and Injunctive Relief.

## FIFTH CAUSE OF ACTION

**Declaratory Relief That Defendants Violated Plaintiffs' Fourteenth Amendment Rights**

**(Against All Defendants)**

157. Plaintiffs re-allege and incorporate by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

28

158. The Fourteenth Amendment of the United States Constitution guarantees persons, including Plaintiff Deafueh and Plaintiff Juahdi, the Right to equal protection of the law and due process of law.

159. At all times relevant hereto, the Defendants' duty was to act reasonably and in compliance with the Fourteenth Amendment of the Constitution.

160. At all times relevant hereto, the Defendants were acting in absence of all jurisdiction over Plaintiffs in violation of federal and state laws.

161. The Defendants' acts and omissions were intentional and occurred with willful and wanton disregard and reckless indifference to the constitutionally protected civil rights of the Plaintiffs.

162. The facts described herein constitute violations of several rights guaranteed to Plaintiffs by the United States Constitution.

163. Defendants are liable to Plaintiffs for Declaratory and Injunctive Relief for violation of the Plaintiffs' Constitutional rights.

164. Plaintiffs repeat and re-allege their claim for Declaratory Relief and Injunctive Relief.

## SIXTH CAUSE OF ACTION
### Injunctive Relief

### (Against All Defendants)

165. Plaintiffs re-allege and incorporate by reference each and every allegation in each and every aforementioned paragraph as if fully set forth herein.

166. The United States Constitution guarantees Plaintiff Deafueh and Plaintiff Juahdi the right to equal protection of the law and due process of law. Plaintiffs are faced with severe

29

ongoing civil rights abuses and threats of unlawful loss of liberty and freedom.

167.    Plaintiffs are entitled to an injunction prohibiting the Defendants from any further activities violating well-established constitutional rights guaranteed to Plaintiffs by the Fourth Amendment, Fourteenth Amendment, and the Connecticut Rules of Criminal Procedure.

168.    Plaintiffs repeat and re-allege their claim for Declaratory Relief and Injunctive Relief.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38, Plaintiffs respectfully demand a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants as follows:

1) Declaratory judgment that each of the Defendants have violated Plaintiffs' well-established and protected constitutional rights as set forth in the United States Constitution;

2) Declaratory judgment that forging or falsifying court documents for the purpose of obstructing the course of justice is unconstitutional;

3) Declaratory judgment that Defendants conspired to interfere with Plaintiffs' civil rights pursuant to 42 U.S.C. § 1985;

4) Declaratory judgment that Defendants neglected to prevent pursuant to 42 U.S.C. § 1986;

5) Declaratory judgment that Defendants violated Plaintiffs' Fourth Amendment rights;

6) Declaratory judgment that Defendants violated Plaintiffs' Fourteenth Amendment rights;

7) Injunctive Relief; and

30

8) That Plaintiffs have such other, and further relief as this Court may deem just and proper.

This the 26th Day of July 2021

Deafueh Monbo, Plaintiff
P.O. Box 1674
Bel Air, MD 21014

Juahdi Monbo, Plaintiff
P.O. Box 1674
Bel Air, MD 21014

31

# EXHIBIT LIST

This complaint is supported by the following attached exhibits.

| EXHIBIT NO. | DESCRIPTION OF EXHIBIT |
|---|---|
| Exhibit 1 | Plaintiff Deafueh's case appeared twenty times on docket as of June 29,2021 |
| Exhibit 2 | Plaintiff Juahdi's case appeared twenty times on docket as of June 29, 2021 |
| Exhibit 3 | Page one of Motion to Dismiss for Lack of Probable Cause in Plaintiff Deafueh's case |
| Exhibit 4 | Page one of Motion to Dismiss for Lack of Probable Cause in Plaintiff Juahdi's case |
| Exhibit 5 | Forged and Fake "Probable Cause Document" filed in Plaintiff Deafueh's case |
| Exhibit 6 | Forged and Fake "Probable Cause Document" filed in Plaintiff Juahdi's case |
| Exhibit 7 | List of Superior Court Judges in the State of Connecticut |
| Exhibit 8 | Judges in Rockville, Connecticut (Geographical Area No.19) – Tolland |
| Exhibit 9 | Assignment of Judges – September 2, 2019 to September 6, 2020 |
| Exhibit 10 | Towns that make up Geographical Area No. 19 -- Tolland Judicial District |
| Exhibit 11 | May 17, 2021 Notice to Danielson Court in Plaintiff Deafueh's case |
| Exhibit 12 | May 17, 2021 Notice to Danielson Court in Plaintiff Juahdi's case |
| Exhibit 13 | The falsified June 7, 2021 Re-Arrest Warrant application in Plaintiff Deafueh's case |
| Exhibit 14 | The falsified June 7, 2021 Re-Arrest Warrant application in Plaintiff Juahdi's case |

# EXHIBIT 1

 

**State of Connecticut**

# Judicial Branch

| Tuesday, June 29, 2021 Docket Search by Court Location | **Pending Case Detail** |
|---|---|
| Tuesday, June 29, 2021 Docket Search by Defendant | *Information is accurate as of June 29, 2021 04:50 AM* |

## Pending Case Detail

*Information is accurate as of June 29, 2021 04:50 AM*

**Tuesday, June 29, 2021**
Docket Search by Court Location

**Tuesday, June 29, 2021**
Docket Search by Defendant

**Pending Cases Search by Defendant**

**Pending Cases Search by Docket Number**

**Convictions Search by Defendant**

**Convictions Search by Docket Number**

**Attorney/Firm Case List**

**Attorney/Firm Look-up Numbers**

**GA Court Phone Numbers**

**JD Court Phone Numbers**

**Home**

### Defendant Information

**Last, First:** MONBO D▮▮▮▮▮▮▮▮▮

**Birth Year:** ▮▮▮

**Represented By:**

**Times on the Docket:** 20

### Docket Information

| | | | |
|---|---|---|---|
| **Docket No:** ▮▮▮▮▮▮▮342-S | | **Arresting Agency:** | CSP TROOP D |
| **Companion:** | | | |
| **Program:** | | **Arrest Date:** | 9/13/2019 |
| **Court:** | Danielson GA 11 and JD | **Bond Amount:** | $20,000 (This case only) |
| | | **Bond Type:** | Professional Surety |
| **Miscellaneous:** | | | (Released From Custody) |

| **Activity:** Rearrest Ordered | **Re-Arrest Ordered:** 6/7/2021 |
|---|---|

### Current Charges

| Statute | Description | Class | Type | Occ | Offense Date | Plea | Verdict Finding |
|---|---|---|---|---|---|---|---|
| | | | | 1 | 9/13/2019 | Not Guilty | |
| | | | | 1 | 9/13/2019 | Not Guilty | |
| | | | | 1 | 9/13/2019 | Not Guilty | |
| | | | | 1 | 9/13/2019 | Not Guilty | |
| | | | | 1 | 9/13/2019 | Not Guilty | |
| | | | | 1 | 9/13/2019 | Not Guilty | |

**Register with Connecticut Statewide Automated Victim Information and Notification (CT SAVIN)**
CT SAVIN is a free, confidential service that gives crime victims and members of the community information about an offender's court case.

Back

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | Media | Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2021, State of Connecticut Judicial Branch

34

# EXHIBIT 2

34



State of Connecticut
# Judicial Branch

Tuesday,
June 29, 2021
Docket Search
by Court Location

Tuesday,
June 29, 2021
Docket Search
by Defendant

Pending Cases
Search by Defendant

Pending Cases
Search by Docket Number

Convictions Search
by Defendant

Convictions Search
by Docket Number

Attorney/Firm Case List

Attorney/Firm Look-up
Numbers

GA Court Phone
Numbers

JD Court Phone
Numbers

Home

## Pending Case Detail

### Information is accurate as of June 29, 2021 04:50 AM

**Defendant Information**

| | |
|---|---|
| Last, First: MONBO J | Represented By: |
| Birth Year: | Times on the Docket: 20 |

**Docket Information**

| | | | |
|---|---|---|---|
| Docket No: | 344-S | Arresting Agency: | CSP TROOP D |
| Companion: | | | |
| Program: | | Arrest Date: | 9/14/2019 |
| Court: | Danielson GA 11 and JD | Bond Amount: | $10,000 (This case only) |
| | | Bond Type: | Ten Percent |
| Miscellaneous: | | | (Released From Custody) |

| | | |
|---|---|---|
| **Activity:** Rearrest Ordered | **Re-Arrest Ordered:** | 6/7/2021 |

**Current Charges**

| Statute | Description | Class | Type | Occ | Offense Date | Plea | Verdict Finding |
|---|---|---|---|---|---|---|---|
| | | | | 1 | 9/14/2019 | Not Guilty | |
| | | | | 1 | 9/14/2019 | Not Guilty | |

**Register with Connecticut Statewide Automated Victim Information and Notification (CT SAVIN)**
CT SAVIN is a free, confidential service that gives crime victims and members of the community information about an offender's court case.

Back

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | Media |
Opinions | Opportunities | Self-Help | Home

Common Legal Terms | Contact Us | Site Map | Website Policies

Copyright © 2021, State of Connecticut Judicial Branch

# EXHIBIT 3

# IN THE SUPERIOR COURT
# FOR THE STATE OF CONNECTICUT

| | | |
|---|---|---|
| State of Connecticut | * | 342-S |
| v. | * | GA: 11 |
| D████████Monbo | * | PRETRIAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE

NOW COMES Defendant, D████Monbo pursuant to the Connecticut Practice Book and the Connecticut General Statue and moves this Court to dismiss the above-entitled complaint as there was **no independent determination of probable cause** to arrest for the offense charge made within (48) forty-eight hours of the defendant's arrest **without a warrant.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.    Defendant is a citizen of Maryland and a Maryland Certified Public Accountant (CPA) of twenty-four years.

2.    On September 13, 2019, (over one year ago), the Defendant was arrested by police **without a warrant.**

3.    On September 13, 2019, the State of Connecticut ("State") instituted a criminal prosecution against the Defendant, who had **no** prior arrests or convictions.

4.    The State alleged Defendant committed criminal mischief 3rd degree, larceny 4th degree, breach of peace, interference with officer/resisting, interfering with emergency call and failing to comply with fingerprint.

5.    On September 16, 2019, the first court day following the Defendant's arrest and while the Defendant was still in custody, the Defendant was brought before the Court and bail was set, **however, no probable cause hearing was held.**

1

# EXHIBIT 4

## IN THE SUPERIOR COURT
## FOR THE STATE OF CONNECTICUT

| | | | |
|---|---|---|---|
| State of Connecticut | * | 344-S | |
| v. | * | GA: 11 | |
| J██ Monbo | * | PRETRIAL | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO DISMISS FOR LACK OF PROBABLE CAUSE

NOW COMES Defendant, J██ Monbo pursuant to the Connecticut Practice Book and the Connecticut General Statue and moves this Court to dismiss the above-entitled complaint as there was **no independent determination of probable cause** to arrest for the offense charge made within (48) forty-eight hours of the defendant's arrest **without a warrant.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. Defendant is a citizen of Maryland and a Doctoral candidate.

2. On September 14, 2019, (over one year ago), the Defendant was arrested by police **without** a warrant.

3. On September 14, 2019, the State of Connecticut ("State") instituted a criminal prosecution against the Defendant, who had **no** prior arrests or convictions.

4. The State alleged Defendant committed burglary 3rd degree and criminal mischief 2nd degree.

5. On September 16, 2019, the first court day following the Defendant's arrest and while the Defendant was still in custody, the Defendant was brought before the Court and bail was set, **however, no probable cause hearing was held.**

6. Furthermore, prior to Defendant's first day before the Court, the Prosecutor never provided the Defendant with copies of any affidavit or report submitted to the Court for the

1

37

# EXHIBIT 5

# PROBABLE CAUSE DETERMINATION REQUEST

JD-CR-94 Rev. 12-07
P.B. §§ 30-5, 37-12

STATE OF CONNECTICUT
SUPERIOR COURT
G.A. & JUVENILE MATTERS
www.jud.ct.gov



| FOR COURT USE ONLY |
| --- |
| Supporting Affidavits Sealed |
| ☐ Yes       ☐ No |

## INSTRUCTIONS

### TO OFFICER

1. Complete the Request in triplicate and bring to a judge within 48 hours of an arrest without a warrant of a defendant or juvenile who is not released from custody.
2. Complete the introductory language in the Finding by identifying the documents submitted in support of the Request.
3. Except as provided in paragraph 4, return the original of the executed Finding to the G.A. Clerk's Office prior to the defendant's arraignment. Retain one copy for your file and give the third copy, together with the documents submitted in support of the Request, to the State's Attorney's Office.
4. In the case of a juvenile admitted to a juvenile detention center, the original of the executed Finding should be delivered or faxed to the juvenile detention center where the juvenile was admitted and a copy retained in the program file.

### TO JUDGE

1. Verify the accuracy of the description and dates of the documents listed in the Finding.
2. Sign the Finding in triplicate. Return all copies of the Finding and of any documents submitted in support of the Request to the officer.

## REQUEST FOR PROBABLE CAUSE DETERMINATION

### TO: A Judge of the Superior Court

☒ G.A. NO. 11   AT: Danielson          ☐ JUVENILE   AT: _____

| DATE (Mo., day, yr.) 9/13/19 | TIME OF ARREST (A.M. or P.M.) 11:45 Am | POLICE DEPARTMENT CSP-D | |
| --- | --- | --- | --- |
| NAME OF ACCUSED (Last, first, middle initial) MoNDO, D ███ | | | DEPARTMENT CASE NO. ███ |
| ADDRESS (No., street, city and state) ███ | | | |
| OFFENSE TOWN Killingly | TOWN CODE 069 | SOCIAL SECURITY NO. | DATE OF BIRTH (Mo., day, yr.) ███ |

The undersigned officer requests that the attached affidavit(s) be reviewed for a determination of probable cause.

| DATE AND SIGNATURE | DATE (Mo., day, yr.) 9/14/19 | SIGNED (Officer) TFC J. ___ #537 |
| --- | --- | --- |

## FINDING

Upon review of the following document(s) identified as _Arraignment  Report & Affidavit_ and dated, _9/14/9_

in affidavit form as submitted, the undersigned finds that:

☒ probable cause exists to believe that a criminal offense has been committed by the accused.

☐ there is no probable cause and accused is ordered released from custody.

☐ Based upon the finding of probable cause, the court, at this time, seals or limits disclosure of the following: _____

☐ The sealing or limits of disclosure is for a period of: _____

(not to exceed 2 weeks from the date of the probable cause determination)

☐ Disclosure is limited to following terms and conditions: _____

**Armata, J
(fake signature of a judge)**

☐ The undersigned recommends review of the following document(s) _____

**Sunday (Courthouse was closed)** ___ at the time of arraignment for sealing and/or limiting

disclosure for the following reasons: _____

| DATE, TIME & SIGNATURE | DATE (Mo., day, yr.) 9/15/19 | AT (Time, A.M. or P.M.) 10:50 AM | SIGNED (A judge of the Superior Court) ___ (Armata, J) |
| --- | --- | --- | --- |

 STATE OF CONNECTICUT, DEPARTMENT OF PUBLIC SAFETY-
INVESTIGATION REPORT (DPS-302-E) (REVISED 2/3/06)

Page 2 of 5

BOND: $20,000 Cash / Surety

**Bail information
should not have
been known on
09/14/2019**

HAS NO PREVIOUS RECORD: NO

CIRCUMSTANCES OF ARREST:

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN  DEPOSES AND SAYS THAT. I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER.
THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1) MY PERSONAL OBSERVATION AND KNOWLEDGE  OR (2) INFORMATION RELAYED TO ME BY OTHER MEMBERS OF
MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT OR (3) INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS
NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT.  THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: | INVESTIGATOR I.D.#: | REPORT DATE: | |
|---|---|---|---|
| /TFC JAMES A ESPOSITO/ | 0537 | 09/14/2019 08:36 pm | |
| SUPERVISOR SIGNATURE: | SUPERVISOR I.D.#: | | |
| /SGT JOHN T GREGORZEK/ | 0235 | | |

**Report signed
on 09/14/2019**

# EXHIBIT 6

# PROBABLE CAUSE DETERMINATION REQUEST

JD-CR-94 Rev. 12-07
P.B. §§ 30-5, 37-12

**STATE OF CONNECTICUT
SUPERIOR COURT
G.A. & JUVENILE MATTERS**
*www.jud.ct.gov*



| FOR COURT USE ONLY |
| --- |
| Supporting Affidavits Sealed |
| ☐ Yes        ☐ No |

## INSTRUCTIONS

### TO OFFICER

1. Complete the Request in triplicate and bring to a judge within 48 hours of an arrest without a warrant of a defendant or juvenile who is not released from custody.
2. Complete the introductory language in the Finding by identifying the documents submitted in support of the Request.
3. Except as provided in paragraph 4, return the original of the executed Finding to the G.A. Clerk's Office prior to the defendant's arraignment. Retain one copy for your file and give the third copy, together with the documents submitted in support of the Request, to the State's Attorney's Office.
4. In the case of a juvenile admitted to a juvenile detention center, the original of the executed Finding should be delivered or faxed to the juvenile detention center where the juvenile was admitted and a copy retained in the program file.

### TO JUDGE

1. Verify the accuracy of the description and dates of the documents listed in the Finding.
2. Sign the Finding in triplicate. Return all copies of the Finding and of any documents submitted in support of the Request to the officer.

## REQUEST FOR PROBABLE CAUSE DETERMINATION

### TO: A Judge of the Superior Court

☒ G.A. NO. 11   AT: DANIELSON          ☐ JUVENILE   AT: _____

| DATE (Mo., day, yr.) | TIME OF ARREST (A.M. or P.M.) | POLICE DEPARTMENT | |
| --- | --- | --- | --- |
| 9/14/19 | 9/14/19  0633am | CSP. D DANIELSON | |

NAME OF ACCUSED (Last, first, middle initial)   MONBU, J ▪▪▪▪▪     DEPARTMENT CASE NO. ▪▪▪▪▪

ADDRESS (No., street, city and state) ▪▪▪▪▪

| OFFENSE TOWN | TOWN CODE | SOCIAL SECURITY NO. | DATE OF BIRTH (Mo., day, yr.) |
| --- | --- | --- | --- |
| KILLINGLY | 069 | ▪▪▪▪▪ | ▪▪▪▪▪ |

The undersigned officer requests that the attached affidavit(s) be reviewed for a determination of probable cause.

| DATE AND SIGNATURE | DATE (Mo., day, yr.) 09/14/19 | SIGNED (Officer) TFC E #1014 |
| --- | --- | --- |

**← TFC "E" Badge #1014**

## FINDING

Upon review of the following document(s) identified as _Arraignment Report & Affidavit_
and dated, _9/14/19_

in affidavit form as submitted, the undersigned finds that:

☒ probable cause exists to believe that a criminal offense has been committed by the accused.

☐ there is no probable cause and accused is ordered released from custody.

☐ Based upon the finding of probable cause, the court, at this time, seals or limits disclosure of the following:

☐ The sealing or limits of disclosure is for a period of: _____

(not to exceed 2 weeks from the date of the probable cause determination)

☐ Disclosure is limited to following terms and conditions: _____

**Armata, J
(fake signature of a judge)**

**Sunday (Courthouse was closed)**

☐ The undersigned recommends review of the following document(s) _____

at the time of arraignment for sealing and/or limiting

disclosure for the following reasons: _____

| DATE, TIME & SIGNATURE | DATE (Mo., day, yr.) 9/15/19 | AT (Time, A.M. or P.M.) 10:55 AM | SIGNED (A judge of the Superior Court) Arta, J (Armata, J) |
| --- | --- | --- | --- |

STATE OF CONNECTICUT, DEPARTMENT OF PUBLIC SAFETY-
INVESTIGATION REPORT (DPS-302-E) (REVISED 2/3/06)

Page 1 of 2

Report Type: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Initial Report: ☐ Prosecutors Report: ☒ Supplement: ☐ Re-open: ☐ Assist: ☐ Closing: ☐

Attachments:

Statements: ☐ Teletype: ☐ Photos: ☐ Sketchmap: ☐ Evidence: ☐ Other: ☐

| CFS NO | INCIDENT DATE | TIME | INCIDENT DATE | TIME | PRIMARY OFFICER | BADGE NO |
|---|---|---|---|---|---|---|
| ▇▇▇▇ | 09/14/2019 | 06:19 | 09/14/2019 | | STADNICKI, BRYAN J. | 1014 |

| INVESTIGATING OFFICER | BADGE NO | TYPE OF EXCEPTIONAL CLEARANCE | CASE STATUS |
|---|---|---|---|
| STADNICKI, BRYAN J. | 1014 | Not Applicable | Closed by Arrest |

| INCIDENT ADDRESS | APARTMENT NO | TOWN CD |
|---|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇ | | T069 |

**TFC Bryan Stadnicki was not present during arrest. Badge #1014**

ARRAIGNMENT REPORT & AFFIDAVIT
(WARRANTLESS ARREST)

JUDICIAL DISTRICT OF WINDHAM

The undersigned, an officer of the Connecticut State Police Department, having been duly sworn, deposes and says: That I am the officer who prepared this police report. That the information contained therein was secured as a result of: (1) my personal observation and knowledge, or (2) information relayed to me by other members of my police department or of another organized police, or (3) information secured by myself or another member of an organized police department from the person or persons named or identified therein, as indicated in this attached report. That this report is an accurate statement of the information so received by me.

DATE/TIME OF ARREST: 09/14/19 @ 0633 hours

LOCATION OF CRIME: Dayville, CT

**Bail information should not have been known on 09/14/2019**

ARRESTED: Monbu, J▇▇▇▇▇▇▇▇▇▇

CHARGES: ▇▇▇▇▇▇▇▇▇▇▇▇▇

BOND: $10,000.00 cash/surety

**TFC "E" Badge #1014**

THE UNDERSIGNED, AN INVESTIGATOR HAVING BEEN DULY SWORN DEPOSES AND SAYS THAT: I AM THE WRITER OF THE ATTACHED POLICE REPORT PERTAINING TO THIS INCIDENT NUMBER. THAT THE INFORMATION CONTAINED THEREIN WAS SECURED AS A RESULT OF (1) MY PERSONAL OBSERVATION AND KNOWLEDGE: OR (2) INFORMATION RELAYED TO ME BY OTHER MEMBERS OF MY POLICE DEPARTMENT OR OF ANOTHER POLICE DEPARTMENT OR (3) INFORMATION SECURED BY MYSELF OR ANOTHER MEMBER OF A POLICE DEPARTMENT FROM THE PERSON OR PERSONS NAMED OR IDENTIFIED THEREIN, AS INDICATED IN THE ATTACHED REPORT. THAT THE REPORT IS AN ACCURATE STATEMENT OF THE INFORMATION SO RECEIVED BY ME.

| INVESTIGATOR SIGNATURE: | INVESTIGATOR I.D.#: | REPORT DATE: | **Report signed on 09/14/2019** |
|---|---|---|---|
| /TFC BRYAN STADNICKI/ | 1014 | 09/14/2019 10:01 pm | |

| SUPERVISOR SIGNATURE: | SUPERVISOR I.D.#: | | |
|---|---|---|---|
| /SGT JOHN T GREGORZEK/ | 0235 | Sgt /J/ 0235 | |

39

# EXHIBIT 7



State of Connecticut
# Judicial Branch

## Superior Court Judges

| Name | Address | Phone/Fax |
|------|---------|-----------|
| Barbara D. Aaron | Juvenile Court<br>50 Field Street<br>Torrington, CT 06790 | (860) 626-2190<br>(860) 626-2191 |
| James W. Abrams | Judicial District Courthouse<br>235 Church Street<br>New Haven, CT 06510 | (203) 503-6830<br>(203) 789-6826 |
| Salvatore C. Agati | Judicial District Courthouse<br>300 Grand Street<br>Waterbury, CT 06702 | (203) 591-3340<br>(203) 596-4488 |
| Jon M. Alander | Judicial District Courthouse<br>235 Church Street<br>New Haven, CT 06510 | (203) 503-6830<br>(203) 789-6826 |
| Michael A. Albis | J.D. & G.A. 9 Courthouse<br>1 Court Street<br>Middletown, CT 06457 | (860) 343-6570<br>(860) 343-6589 |
| Linda Allard | Juvenile Court<br>920 Broad Street<br>Hartford, CT 06106 | (860) 244-7900<br>(860) 566-1658 |
| Barry F. Armata | Judicial District Courthouse<br>69 Brooklyn Street<br>Rockville, CT 06066 | (860) 896-4930<br>(860) 870-0394 |
| Matthew Edward Auger | Judicial District Courthouse<br>155 Church Street<br>Putnam, CT 06260 | (860) 928-7749<br>(860) 928-7076 |
| Claudia A. Baio | Housing Court<br>121 Elm Street<br>New Haven, CT 06510 | (203) 789-7461<br>(203) 789-7539 |
| Laura F. Baldini | J.D. & G.A. 14 Courthouse<br>101 Lafayette Street<br>Hartford, CT 06106 | (860) 566-3861<br>(860) 566-6977 |

| | | |
|---|---|---|
| Barbara N. Bellis | Complex Litigation Docket<br>400 Grand Street<br>Waterbury, CT 06702 | (203) 236-8200<br>(203) 236-8205 |
| Tejas Bhatt | Superior Court G.A. 19<br>20 Park Street<br>Rockville, CT 06066 | (860) 896-4930<br>(860) 870-0394 |
| John F. Blawie | J.D. & G.A 1 Courthouse<br>123 Hoyt Street<br>Stamford, CT 06905 | (203) 965-5315<br>(203) 965-5389 |
| Elizabeth A. Bozzuto | Office of the Chief Court Administrator<br>231 Capitol Avenue<br>Hartford, CT 06106 | (860) 757-2100<br>(860) 757-2130 |
| Barbara Brazzel-Massaro | J.D. & G.A. 3 Courthouse<br>146 White Street<br>Danbury, CT 06810 | (203) 207-8690<br>(203) 207-8689 |
| Donna M. Wilkerson Brillant | Juvenile Court<br>60 Housatonic Avenue<br>Bridgeport, CT 06604 | (203) 579-6544 |
| Peter L. Brown | J.D. & G.A. 22 Courthouse<br>14 West River St., P.O. Box 210<br>Milford, CT 06460 | (203) 283-8246<br>(203) 876-8072 |
| Alice A. Bruno | Judicial District Courthouse<br>300 Grand Street<br>Waterbury, CT 06702 | (203) 591-3340<br>(203) 596-4488 |
| Matthew J. Budzik | Judicial District Courthouse<br>95 Washington Street<br>Hartford, CT 06106 | (860) 548-2850<br>(860) 548-2887 |
| Mary-Margaret D. Burgdorff | J.D. & G.A. 7 Courthouse<br>54 West Main Street<br>Meriden, CT 06451 | (203) 238-6137<br>(203) 238-6423 |
| Eugene R. Calistro, Jr. | Superior Court, G.A. 23<br>121 Elm Street<br>New Haven, CT 06510 | (203) 789-7461<br>(203) 789-7492 |
| Harry E. Calmar | Judicial District Courthouse<br>70 Huntington Street<br>New London, CT 06320 | (860) 442-2977<br>(860) 447-8701 |
| Suzanne E. Caron | J.D. & G.A. 15 Courthouse<br>20 Franklin Square | (860) 515-5050<br>(860) 515-5051 |

| | New Britain, CT 06051 | |
|---|---|---|
| Karyl L. Carrasquilla | Judicial District Courthouse(Family)<br>90 Washington Street<br>Hartford, CT 06106 | (860) 706-5060<br>(860) 706-5077 |
| Patrick L. Carroll III | Office of the Chief Court Administrator<br>231 Capitol Avenue<br>Hartford, CT 06106 | (860) 757-2100<br>(860) 757-2130 |
| Courtney M. Chaplin | Superior Court G.A. 19<br>20 Park Street<br>Rockville, CT 06066 | (860) 896-4930<br>(860) 870-0394 |
| John Cirello | J.D. & G.A. 15 Courthouse<br>20 Franklin Square<br>New Britain, CT 06051 | (860) 515-5050<br>(860) 515-5051 |
| William F. Clark | J.D. & G.A 1 Courthouse<br>123 Hoyt Street<br>Stamford, CT 06905 | (203) 965-5315<br>(203) 965-5389 |
| Susan Quinn Cobb | Judicial District Courthouse<br>95 Washington Street<br>Hartford, CT 06106 | (860) 548-2850<br>(860) 548-2887 |
| Susan A. Connors | Judicial District Courthouse(Family)<br>90 Washington Street<br>Hartford, CT 06106 | (860) 706-5060<br>(860) 706-5077 |
| Bernadette Conway | Juvenile Court<br>239 Whalley Avenue<br>New Haven, CT 06511 | (203) 786-0337<br>(203) 786-0327 |
| John L. Cordani | Judicial District Courthouse<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
| Robert A. D'Andrea | J.D. & G.A. 3 Courthouse<br>146 White Street<br>Danbury, CT 06810 | (203) 207-8690<br>(203) 207-8689 |
| Michael R. Dannehy | Juvenile Court<br>920 Broad Street<br>Hartford, CT 06106 | (860) 244-7900<br>(860) 566-1658 |
| Tracy Lee Dayton | Superior Court, G.A. 2<br>172 Golden Hill Street<br>Bridgeport, CT 06604 | (203) 579-6568<br>(203) 382-8408 |
| | | |

| | | |
|---|---|---|
| **Maureen D. Dennis** | J.D. & G.A. 22 Courthouse<br>14 West River St., P.O. Box 210<br>Milford, CT 06460 | (203) 283-8246<br>(203) 876-8072 |
| **Leo V. Diana** | Regional Family Trial Docket<br>1 Court Street<br>Middletown, CT 06457 | (860) 343-6570<br>(860) 343-6589 |
| **Kevin C. Doyle** | Superior Court, G.A. 2<br>172 Golden Hill Street<br>Bridgeport, CT 06604 | (203) 579-6568<br>(203) 382-8408 |
| **Nuala E. Droney** | J.D. & G.A. 21 Courthouse<br>1 Courthouse Square<br>Norwich, CT 06360 | (860) 886-0144<br>(860) 823-1019 |
| **Lisa Grasso Egan** | Judicial District Courthouse<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
| **John B. Farley** | J.D. & G.A. 15 Courthouse<br>20 Franklin Square<br>New Britain, CT 06051 | (860) 515-5050<br>(860) 515-5051 |
| **Anna M. Ficeto** | Judicial District Courthouse<br>300 Grand Street<br>Waterbury, CT 06702 | (203) 591-3340<br>(203) 596-4488 |
| **Jack W. Fischer** | Superior Court G.A. 11<br>120 School Street<br>Danielson, CT 06239 | (860) 779-8500<br>(860) 779-8492 |
| **Matthew E. Frechette** | J.D. & G.A. 9 Courthouse<br>1 Court Street<br>Middletown, CT 06457 | (860) 343-6570<br>(860) 343-6589 |
| **Tammy D. Geathers** | J.D. & G.A. 15 Courthouse<br>20 Franklin Square<br>New Britain, CT 06051 | (860) 515-5050<br>(860) 515-5051 |
| **Robert L. Genuario** | J.D. & G.A 1 Courthouse<br>123 Hoyt Street<br>Stamford, CT 06905 | (203) 965-5315<br>(203) 965-5389 |
| **David P. Gold** | J.D. & G.A. 14 Courthouse<br>101 Lafayette Street<br>Hartford, CT 06106 | (860) 566-3861<br>(860) 566-6977 |
| **Karen A. Goodrow** | Judicial District Courthouse<br>235 Church Street | (203) 503-6830<br>(203) 789-6826 |

| Name | Address | Phone |
|---|---|---|
| | New Haven, CT 06510 | |
| Matthew D. Gordon | Judicial District Courthouse<br>300 Grand Street<br>Waterbury, CT 06702 | (203) 591-3340<br>(203) 596-4488 |
| Mark T. Gould | J.D. & G.A. 22 Courthouse<br>14 West River St., P.O. Box 210<br>Milford, CT 06460 | (203) 283-8246<br>(203) 876-8072 |
| Ernest Green, Jr. | Judicial District Courthouse<br>155 Church Street<br>Putnam, CT 06260 | (860) 928-7749<br>(860) 928-7076 |
| Auden C. Grogins | Juvenile Court<br>50 Field Street<br>Torrington, CT 06790 | (860) 626-2190<br>(860) 626-2191 |
| Jane K. Grossman | Judicial District Courthouse<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
| Michael Gustafson | Superior Court, G.A. 23<br>121 Elm Street<br>New Haven, CT 06510 | (203) 789-7461<br>(203) 789-7492 |
| H. Gordon Hall | J.D. & G.A. 14 Courthouse<br>101 Lafayette Street<br>Hartford, CT 06106 | (860) 566-3861<br>(860) 566-6977 |
| Gerald L. Harmon | Judicial District Courthouse<br>235 Church Street<br>New Haven, CT 06510 | (203) 503-6830<br>(203) 789-6826 |
| Donna Nelson Heller | J.D. & G.A 1 Courthouse<br>123 Hoyt Street<br>Stamford, CT 06905 | (203) 965-5315<br>(203) 965-5389 |
| Alex V. Hernandez | Judicial District Courthouse<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
| Barbara A. Hoffman | Juvenile Court<br>978 Hartford Turnpike<br>Waterford, CT 06385 | (860) 440-5880<br>(860) 440-5885 |
| Sheila A. Huddleston | Juvenile Court<br>20 Franklin Square<br>New Britain, CT 06051 | (860) 515-5050<br>(860) 515-5051 |
| | | |

| | | |
|---|---|---|
| Bruce P. Hudock | J.D. & G.A 1 Courthouse<br>123 Hoyt Street<br>Stamford, CT 06905 | (203) 965-5315<br>(203) 965-5389 |
| Frank A. Iannotti | J.D. & G.A. 4 Courthouse<br>400 Grand Street<br>Waterbury, CT 06702 | (203) 236-8200<br>(203) 236-8205 |
| Irene P. Jacobs | Judicial District Courthouse<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
| Robyn Stewart Johnson | J.D. & G.A. 14 Courthouse<br>101 Lafayette Street<br>Hartford, CT 06106 | (860) 566-3861<br>(860) 566-6977 |
| Barbara Bailey Jongbloed | Judicial District Courthouse<br>70 Huntington Street<br>New London, CT 06320 | (860) 442-2977<br>(860) 447-8701 |
| Michael P. Kamp | Judicial District Courthouse<br>235 Church Street<br>New Haven, CT 06510 | (203) 503-6830<br>(203) 789-6826 |
| John F. Kavanewsky, Jr. | Juvenile Court<br>123 Hoyt Street<br>Stamford, CT 06901 | (203) 965-5315<br>(203) 965-5315 |
| Maureen M. Keegan | J.D. & G.A. 15 Courthouse<br>20 Franklin Square<br>New Britain, CT 06051 | (860) 515-5050<br>(860) 515-5051 |
| Corinne L. Klatt | J.D. & G.A. 4 Courthouse<br>400 Grand Street<br>Waterbury, CT 06702 | (203) 236-8200<br>(203) 236-8205 |
| Daniel J. Klau | UAPA Tax Appeals Docket<br>20 Franklin Square<br>New Britain, CT 06051 | (860) 515-5145<br>(860) 515-5146 |
| Kimberly A. Knox | Judicial District Courthouse<br>70 Huntington Street<br>New London, CT 06320 | (860) 442-2977<br>(860) 447-8701 |
| Ronald E. Kowalski, II | J.D. & G.A. 3 Courthouse<br>146 White Street<br>Danbury, CT 06810 | (203) 207-8690<br>(203) 207-8689 |
| Hunchu Kwak | Judicial District Courthouse<br>70 Huntington Street | (860) 442-2977<br>(860) 447-8701 |

| | New London, CT 06320 | |
|---|---|---|
| Jason M. Lobo | Juvenile Court<br>920 Broad Street<br>Hartford, CT 06106 | (860) 244-7900<br>(860) 566-1658 |
| Ann E. Lynch | Judicial District Courthouse<br>155 Church Street<br>Putnam, CT 06260 | (860) 928-7749<br>(860) 928-7076 |
| Jennifer Macierowski | Judicial District Courthouse<br>69 Brooklyn Street<br>Rockville, CT 06066 | (860) 896-4930<br>(860) 870-0394 |
| Shelley A. Marcus | Juvenile Court<br>239 Whalley Avenue<br>New Haven, CT 06511 | (203) 786-0337<br>(203) 786-0327 |
| Michael G. Maronich | Juvenile Court<br>60 Housatonic Avenue<br>Bridgeport, CT 06604 | (203) 579-6544 |
| Kimberly Massicotte | J.D. & G.A. 14 Courthouse<br>101 Lafayette Street<br>Hartford, CT 06106 | (860) 566-3861<br>(860) 566-6977 |
| Stephanie A. McLaughlin | J.D. & G.A 1 Courthouse<br>123 Hoyt Street<br>Stamford, CT 06905 | (203) 965-5315<br>(203) 965-5389 |
| Kathleen E. McNamara | Superior Court G.A. 19<br>20 Park Street<br>Rockville, CT 06066 | (860) 896-4930<br>(860) 870-0394 |
| Peter A. McShane | Superior Court, G.A. 12<br>410 Center Street<br>Manchester, CT 06040 | (860) 646-5874<br>(860) 645-7540 |
| Maximino Medina, Jr. | J.D. & G.A. 3 Courthouse<br>146 White Street<br>Danbury, CT 06810 | (203) 207-8690<br>(203) 207-8689 |
| John D. Moore | J.D. & G.A. 18 Courthouse<br>50 Field Street<br>Torrington, CT 06790 | (860) 626-2190<br>(860) 626-2191 |
| Margarita Hartley Moore | J.D. & G.A 1 Courthouse<br>123 Hoyt Street<br>Stamford, CT 06905 | (203) 965-5315<br>(203) 965-5389 |
| | | |

| Lisa K. Morgan | J.D. & G.A. 15 Courthouse<br>20 Franklin Square<br>New Britain, CT 06051 | (860) 515-5050<br>(860) 515-5051 |
|---|---|---|
| Ndidi Moses | Superior Court, G.A. 2<br>172 Golden Hill Street<br>Bridgeport, CT 06604 | (203) 579-6568<br>(203) 382-8408 |
| Thomas G. Moukawsher | Complex Litigation Docket<br>95 Washington Street<br>Hartford, CT 06106 | (860) 548-2850<br>(860) 548-2887 |
| Kevin J. Murphy | J.D. & G.A. 9 Courthouse<br>1 Court Street<br>Middletown, CT 06457 | (860) 343-6570<br>(860) 343-6589 |
| Margaret M. Murphy | Judicial District Courthouse<br>235 Church Street<br>New Haven, CT 06510 | (203) 503-6830<br>(203) 789-6826 |
| Shari A. Murphy | Superior Court, G.A. 10<br>112 Broad Street<br>New London, CT 06320 | (860) 443-8343<br>(860) 437-1168 |
| Carla Nascimento | J.D. & G.A. 9 Courthouse<br>1 Court Street<br>Middletown, CT 06457 | (860) 343-6570<br>(860) 343-6589 |
| Robert Nastri, Jr. | Judicial District Courthouse(Family)<br>90 Washington Street<br>Hartford, CT 06106 | (860) 706-5060<br>(860) 706-5077 |
| John M. Newson | J.D. & G.A. 21 Courthouse<br>1 Courthouse Square<br>Norwich, CT 06360 | (860) 886-0144<br>(860) 823-1019 |
| Tammy T. Nguyen-O'Dowd | Judicial District Courthouse(Family)<br>90 Washington Street<br>Hartford, CT 06106 | (860) 706-5060<br>(860) 706-5077 |
| Gladys Idelis Nieves | Judicial District Courthouse<br>300 Grand Street<br>Waterbury, CT 06702 | (203) 591-3340<br>(203) 596-4488 |
| Cesar A. Noble | Judicial District Courthouse<br>95 Washington Street<br>Hartford, CT 06106 | (860) 548-2850<br>(860) 548-2887 |
| Edward V. O'Hanlan | Superior Court, G.A. 10<br>112 Broad Street | (860) 443-8343<br>(860) 437-1168 |

| | New London, CT 06320 | |
|---|---|---|
| Leslie I. Olear | Regional Child Protection Session<br>1 Court Street<br>Middletown, CT 06457 | (860) 343-6570<br>(860) 343-6589 |
| Vernon D. Oliver | J.D. & G.A. 9 Courthouse<br>1 Court Street<br>Middletown, CT 06457 | (860) 343-6570<br>(860) 343-6589 |
| Sheila A. Ozalis | Complex Litigation Docket<br>123 Hoyt Street<br>Stamford, CT 06905 | (203) 965-5315<br>(203) 965-5389 |
| Angelica N. Papastavros | Superior Court G.A. 11<br>120 School Street<br>Danielson, CT 06239 | (860) 779-8500<br>(860) 779-8492 |
| Carletha Parkinson | Judicial District Courthouse<br>69 Brooklyn Street<br>Rockville, CT 06066 | (860) 896-4930<br>(860) 870-0394 |
| Robin Pavia | J.D. & G.A. 3 Courthouse<br>146 White Street<br>Danbury, CT 06810 | (203) 207-8690<br>(203) 207-8689 |
| Chris Pelosi | J.D. & G.A. 18 Courthouse<br>50 Field Street<br>Torrington, CT 06790 | (860) 626-2190<br>(860) 626-2191 |
| W. Glen Pierson | Superior Court, G.A. 5<br>106 Elizabeth Street<br>Derby, CT 06418 | (203) 735-8695<br>(203) 734-6294 |
| Sheila M. Prats | J.D. & G.A. 14 Courthouse<br>101 Lafayette Street<br>Hartford, CT 06106 | (860) 566-3861<br>(860) 566-6977 |
| Maureen Price-Boreland | Judicial District Courthouse<br>235 Church Street<br>New Haven, CT 06510 | (203) 503-6830<br>(203) 789-6826 |
| Kevin A. Randolph | J.D. & G.A 1 Courthouse<br>123 Hoyt Street<br>Stamford, CT 06905 | (203) 965-5315<br>(203) 965-5389 |
| Sybil V. Richards | Judicial District Courthouse<br>235 Church Street<br>New Haven, CT 06510 | (203) 503-6830<br>(203) 789-6826 |
| | | |

| Earl B. Richards, III | Judicial District Courthouse<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
|---|---|---|
| Andrew W. Roraback | Judicial District Courthouse<br>300 Grand Street<br>Waterbury, CT 06702 | (203) 591-3340<br>(203) 596-4488 |
| Stuart D. Rosen | J.D. & G.A. 7 Courthouse<br>54 West Main Street<br>Meriden, CT 06451 | (203) 238-6137<br>(203) 238-6423 |
| Kevin S. Russo | Judicial District Courthouse<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
| Norma I. Sanchez-Figueroa | Juvenile Court<br>1 Court Street<br>Middletown, CT 06457 | (860) 343-6570<br>(860)344-3038 |
| Carl J. Schuman | Complex Litigation Docket<br>95 Washington Street<br>Hartford, CT 06106 | (860) 548-2850<br>(860) 548-2887 |
| Joseph B. Schwartz | J.D. & G.A. 4 Courthouse<br>400 Grand Street<br>Waterbury, CT 06702 | (203) 236-8200<br>(203) 236-8205 |
| Hope C. Seeley | Superior Court G.A. 19<br>20 Park Street<br>Rockville, CT 06066 | (860) 896-4930<br>(860) 870-0394 |
| Dan Shaban | J.D. & G.A. 18 Courthouse<br>50 Field Street<br>Torrington, CT 06790 | (860) 626-2190<br>(860) 626-2191 |
| Rupal Shah | Housing Court<br>80 Washington Street<br>Hartford, CT 06106 | (860) 756-7920<br>(860) 756-7925 |
| David M. Sheridan | Judicial District Courthouse<br>95 Washington Street<br>Hartford, CT 06106 | (860) 548-2850<br>(860) 548-2887 |
| Kenneth L. Shluger | J.D. & G.A. 21 Courthouse<br>1 Courthouse Square<br>Norwich, CT 06360 | (860) 886-0144<br>(860) 823-1019 |
| James Sicilian | Superior Court G.A. 19<br>20 Park Street | (860) 896-4930<br>(860) 870-0394 |

| | | |
|---|---|---|
| | Rockville, CT 06066 | |
| Nada K. Sizemore | J.D. & G.A. 7 Courthouse<br>54 West Main Street<br>Meriden, CT 06451 | (203) 238-6137<br>(203) 238-6423 |
| Walter M. Spader, Jr. | Housing Court<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
| James Field Spallone | Superior Court, G.A. 5<br>106 Elizabeth Street<br>Derby, CT 06418 | (203) 735-8695<br>(203) 734-6294 |
| Steven Spellman | Superior Court G.A. 11<br>120 School Street<br>Danielson, CT 06239 | (860) 779-8500<br>(860) 779-8492 |
| Barry K. Stevens | Judicial District Courthouse<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
| Elizabeth J. Stewart | Judicial District Courthouse<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
| Hillary B. Strackbein | Judicial District Courthouse<br>70 Huntington Street<br>New London, CT 06320 | (860) 442-2977<br>(860) 447-8701 |
| Carl E. Taylor | Juvenile Court<br>20 Franklin Square<br>New Britain, CT 06051 | (860) 515-5050<br>(860) 515-5051 |
| Mark H. Taylor | Judicial District Courthouse<br>95 Washington Street<br>Hartford, CT 06106 | (860) 548-2850<br>(860) 548-2887 |
| Erika M. Tindill | J.D. & G.A. 7 Courthouse<br>54 West Main Street<br>Meriden, CT 06451 | (203) 238-6137<br>(203) 238-6423 |
| Jessica Torres | Juvenile Court<br>50 Field Street<br>Torrington, CT 06790 | (860) 626-2190<br>(860) 626-2191 |
| Anthony D. Truglia, Jr. | J.D. & G.A. 3 Courthouse<br>146 White Street<br>Danbury, CT 06810 | (203) 207-8690<br>(203) 207-8689 |
| | | |

| Theodore R. Tyma | Superior Court, G.A. 5<br>106 Elizabeth Street<br>Derby, CT 06418 | (203) 735-8695<br>(203) 734-6294 |
|---|---|---|
| Elpedio N. Vitale | Judicial District Courthouse<br>235 Church Street<br>New Haven, CT 06510 | (203) 503-6830<br>(203) 789-6826 |
| Thomas J. Welch | Judicial District Courthouse<br>1061 Main Street<br>Bridgeport, CT 06604 | (203) 579-7250<br>(203) 579-6928 |
| Dawne G. Westbrook | Juvenile Court<br>25 School Street<br>Rockville, CT 06066 | |
| Gary J. White | J.D. & G.A 1 Courthouse<br>123 Hoyt Street<br>Stamford, CT 06905 | (203) 965-5315<br>(203) 965-5389 |
| Peter Emmett Wiese | J.D. & G.A. 15 Courthouse<br>20 Franklin Square<br>New Britain, CT 06051 | (860) 515-5050<br>(860) 515-5051 |
| Omar A. Williams | J.D. & G.A. 14 Courthouse<br>101 Lafayette Street<br>Hartford, CT 06106 | (860) 566-3861<br>(860) 566-6977 |
| Robin L. Wilson | Judicial District Courthouse<br>235 Church Street<br>New Haven, CT 06510 | (203) 503-6830<br>(203) 789-6826 |
| Michael Wu | J.D. & G.A. 18 Courthouse<br>50 Field Street<br>Torrington, CT 06790 | (860) 626-2190<br>(860) 626-2191 |
| Robert E. Young | Judicial District Courthouse<br>235 Church Street<br>New Haven, CT 06510 | (203) 503-6830<br>(203) 789-6826 |

**Judges/Family Support Magistrates' Mail and Phone Directory**

# EXHIBIT 8

# Judges By Judicial District - Tolland

| Name | Position | Matters Heard |
|---|---|---|
| **Superior Court** **Judicial District Courthouse** **69 Brooklyn Street, Rockville, CT 06066** **Tel (860) 896-4930; Fax (860) 870-0394** | | |
| **Barry F. Armata** | Superior Court Judge | JD and GA Matters |
| **Jennifer Macierowski** | Superior Court Judge | JD and GA Matters |
| **Carletha Parkinson** | Superior Court Judge | JD and GA Matters |
| **Superior Court** **G.A. 19 Courthouse** **20 Park Street, Rockville, CT 06066** **Tel (860) 896-4930; Fax (860) 870-0394** | | |
| **Tejas Bhatt** | Superior Court Judge | JD and GA Matters |
| **Courtney M. Chaplin** | Superior Court Judge | JD and GA Matters |
| **Kathleen E. McNamara** | Superior Court Judge | JD and GA Matters |
| **Hope C. Seeley**   AAJ | Superior Court Judge | JD and GA Matters |
| **James Sicilian** | Superior Court Judge | JD and GA Matters |
| **Juvenile Court** **25 School Street, Rockville, CT 06066** **Tel (860) 872-7143; Fax (860) 871-1802** | | |
| **Dawne G. Westbrook**   AJ | Superior Court Judge | PJ-Civil/Criminal/Family/Juvenile Matters |

# EXHIBIT 9

41

# ASSIGNMENT OF JUDGES

## September 2, 2019 through September 6, 2020

Pursuant to Section 51-164t of the General Statutes, the Chief Court Administrator has made the following assignments to the Divisions and Parts thereof established in Chapter 1 of the Practice Book.

### Divisions and Parts

The Divisions, Parts thereof, and abbreviation of each Part are:

| Division | Part | Abbreviation of Part in Assignments |
|---|---|---|
| Family Division | Part J (Juvenile matters including neglect, dependency, delinquency, families with service needs and termination of parental rights.) | juvenile |
| | Part S (Support and paternity actions.) | support |
| | Part D (All other family relations matters, including dissolution of marriage or civil union cases.) | dissolution |
| Civil Division | Part H (Summary process cases and all other landlord and tenant matters returnable to the judicial districts.) | summary process |
| | Part S (Small claims actions.) | small claims |
| | Part A (Administrative appeals.) | adm. appeals |
| | Part J (Jury matters.) | jury |
| | Part C (Court matters.) | G.A. court or J.D. court |
| Criminal Division | Part A (Capital felonies, class A felonies, and unclassified felonies punishable by sentences of more than twenty years.) | A |

- 2 -

| | | |
|---|---|---|
| | Part B (Class B felonies and unclassified felonies punishable by sentences of more than ten years but not more than twenty years.) | B |
| | Part C (Class C felonies and unclassified felonies punishable by sentences of more than five years but not more than ten years.) | C |
| | Part D (Class D felonies and all other crimes, violations, motor vehicle violations, and infractions.) | D |
| Housing Division* (in judicial districts specified by statute) | Part H (Housing matters as defined by Section 47a-68 of the General Statutes.) | H |

*NOTE: Housing matters (including certain civil actions, summary process actions, and certain small claims) in those judicial districts without a Housing Session, as specified by a statute, must be made returnable to a judicial district and not to a geographical area.

## Family Division

All judges assigned to geographical area (G.A.) courthouses are authorized to adjudicate Family Division Part S (support) actions, notwithstanding the omission of any such specific assignment.

## Civil Division

In addition to the specific assignments hereinafter made, all judges may adjudicate civil short calendar matters, administrative appeals, and small claims.

- 2 -

September 2, 2019 through September 6, 2020

| JUDGES | ASSIGNMENT |
|---|---|
| AARON | Waterbury Courthouse for Juvenile Matters |
| ABERY-WETSTONE | New Britain J.D. |
| ABRAMS (C.A.J. for Civil Division Parts H (Summary Process); S (Small Claims); J (Jury Matters) and C (Court Matters)) | New Haven J.D. Courthouse |
| AGATI | Waterbury J.D. |
| ALANDER | New Haven J.D. Courthouse |
| ALBIS (C.A.J. for Family Division Parts S (Support) and D (Dissolution)) | Middlesex J.D. |
| ALEXANDER (C.A.J. for Criminal Division Parts A, B, C and D) | Bridgeport J.D. Courthouse |
| ARMATA | Tolland J.D. |
| AUGER | Windham J.D. |
| BAIO | New Haven J.D. Housing and Waterbury J.D. Housing |
| BALDINI | Hartford J.D. and G.A. 14 Courthouse |
| BELLIS | Waterbury – Complex Litigation Docket |
| BENTIVEGNA | Manchester G.A. 12 |
| BHATT | Tolland J.D. |
| BLAWIE | Stamford-Norwalk J.D. |
| BOZZUTO | Deputy Chief Court Administrator |
| BRAZZEL-MASSARO | Danbury J.D. |
| BRILLANT | Bridgeport Courthouse for Juvenile Matters |

- 9 -

| | |
|---|---|
| DEWEY | Middlesex J.D. |
| DIANA | Middletown – Regional Family Trial Docket |
| DOYLE | Bridgeport G.A. 2 |
| DRISCOLL (until 8/12/20) | Waterford Courthouse for Juvenile Matters |
| DRONEY | New London J.D. |
| DUBAY | Hartford J.D. Courthouse |
| EGAN | Bridgeport J.D. Courthouse |
| FARLEY | Tolland J.D. |
| FICETO | Waterbury J.D. |
| FISCHER, J. | Windham J.D. |
| FRECHETTE | Middlesex J.D. |
| GEATHERS | New Britain J.D. |
| GENUARIO | Stamford-Norwalk J.D. |
| GOLD | Hartford J.D. and G.A. 14 Courthouse |
| GOODROW | New Haven J.D. Courthouse |
| GORDON | Waterbury J.D. |
| GOULD | Ansonia-Milford J.D. |
| GRAHAM | Hartford J.D. and G.A. 14 Courthouse |
| GRAZIANI | Windham J.D. |
| GREEN | Windham J.D. |
| GROGINS | Waterbury Courthouse for Juvenile Matters |
| GROSSMAN | Bridgeport J.D. Courthouse |
| HARMON | Meriden J.D. and G.A. 7 Courthouse |
| HELLER | Stamford-Norwalk J.D. |

- 11 -

## TOLLAND JUDICIAL DISTRICT

(Administrative Judges can reassign judges to other assignments within a Judicial District when necessary.)

Tolland J.D. Courthouse (69 Brooklyn Street, Rockville)

Family Division Parts S (support) and D (dissolution);
Civil Division:

Rockville G.A. 19 (20 Park Street)

Criminal Division:

(G.A. 19 handles motor vehicle cases for the towns of Andover, Bloomfield, Bolton, Columbia, Coventry, East Hartford, East Windsor, Ellington, Enfield, Glastonbury, Hebron, Manchester, Mansfield, Marlborough, Somers, South Windsor, Stafford, Tolland, Union, Vernon and Willington.)

Westbrook (A.J.) (P.J.) (subject
   to Rockville Courthouse for
   Juvenile Matters)
Seeley (A.A.J.)
Farley
Armata
Bhatt
Chaplin
Sicilian
Macierowski

## WATERBURY JUDICIAL DISTRICT

(Administrative Judges can reassign judges to other assignments within a Judicial District when necessary.)

Waterbury J.D. Courthouse (300 Grand Street)

Family Division Parts S (support) and D (dissolution);
Civil Division, except Part H (summary process):

Waterbury J.D. and G.A. 4 (400 Grand Street)

Criminal Division:

Ficeto (A.J.) (P.J. for Family
   Division)
Roraback (A.A.J.)
Iannotti (P.J. for Criminal
   Division)
Agati (P.J. for Civil Division)
Klatt
Bruno
Gordon
Coleman
Schwartz
Cutsumpas, Judge Trial Referee
Fasano, Judge Trial Referee
Resha, Judge Trial Referee
Schofield, Judge Trial Referee
Trombley, Judge Trial Referee

## WINDHAM JUDICIAL DISTRICT

(Administrative Judges can reassign judges to other assignments within a Judicial District when necessary.)

Windham J.D. Courthouse (155 Church Street, Putnam)

Family Division Parts S (support) and D (dissolution);
Civil Division Parts A (adm. appeals), J (jury),
C (J.D. court), H (summary process) and S (small claims):

Danielson G.A. 11 (120 School Street)

Civil Division Part C (G.A. court); Criminal Division:

Graziani (A.J.) (P.J.)
J. Fischer (A.A.J.)
Spellman
Green
Auger
Swords, Senior Judge
Cole-Chu, Judge Trial Referee

- 28 -

42

# EXHIBIT 10

# Geographical Area No. 19 at Rockville



**Serving the towns of Andover, Bolton, Columbia, Coventry, Ellington, Hebron, Mansfield, Somers, Stafford, Tolland, Union, Vernon, and Willington.**

G.A. Staff | Directions to Court | G.A. Map

# EXHIBIT 11

43

## IN THE SUPERIOR COURT
## FOR THE STATE OF CONNECTICUT

State of Connecticut            *    ███████████████████342-S

v.                              *    GA: 11

D███████Monbo                   *    PRETRIAL

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT'S COMMENTS

Defendant, D███ Monbo hereby states as follows:

1. Defendant is not available on June 7, 2021.

2. Defendant has filed a Motion To Dismiss, a Motion to Suppress, and a Motion to Compel Bill of Particulars. Defendant has also requested an Evidential Hearing for both the Motion to Dismiss and the Motion To Suppress. Furthermore, Defendant specifically requested Subpoenas and an Order to take depositions of witnesses.

3. As of the date of this filing, the Court has not issued the Subpoena Orders, and the Court has not issued the Orders for Defendant to take Deposition of witnesses. The Subpoenas and Depositions are required for Defendant's Evidential Hearing on the Motion to Dismiss and the Motion to Suppress.

4. The Court can not set a "Motion" date when the Court has not issued the Subpoena Orders and the Orders for Defendant to take Deposition of witnesses which are required for Defendant's Evidential Hearing on the Motion to Dismiss and the Motion to Suppress.

5. Additionally, Defendant has not received the requested Bill of Particulars from the Prosecutor despite filing a Motion to Compel Bill of Particulars, which is crucial to a proper defense.

6. After Defendant has received the Bill of Particulars, and after records have been subpoenaed and witnesses have been deposed, then a date can be set for a "Motion."



D___ Monbo, Defendant

May 17, 2021
Date

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the DEFENDANT'S COMMENT was mailed on May 17, 2021 to:

**Beth Leaming**
State's Attorney
State's Attorney Office, GA No. 11
120 School Street, Suite 208
Danielson, Connecticut 06239

D___ Monbo, Defendant

May 17, 2021
Date

# EXHIBIT 12

# IN THE SUPERIOR COURT
## FOR THE STATE OF CONNECTICUT

| | | |
|---|---|---|
| State of Connecticut | * | ████████████344-S |
| v. | * | GA: 11 |
| J███ Monbo | * | PRETRIAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S COMMENTS

Defendant, J███Monbo hereby states as follows:

1. Defendant is not available on June 7, 2021.

2. Defendant has filed a Motion To Dismiss and a Motion to Compel Bill of Particulars. Defendant has also requested an Evidential Hearing for the Motion to Dismiss. Furthermore, Defendant specifically requested Subpoenas and an Order to take depositions of witnesses.

3. As of the date of this filing, the Court has not issued the Subpoena Orders, and the Court has not issued the Orders for Defendant to take Deposition of witnesses. The Subpoenas and Depositions are required for Defendant's Evidential Hearing on the Motion to Dismiss.

4. The Court can not set a "Motion" date when the Court has not issued the Subpoena Orders and the Orders for Defendant to take Deposition of witnesses which are required for Defendant's Evidential Hearing on the Motion to Dismiss.

5. Additionally, Defendant has not received the requested Bill of Particulars from the Prosecutor despite filing a Motion to Compel Bill of Particulars, which is crucial to a proper defense.

6. After Defendant has received the Bill of Particulars, and after records have been subpoenaed and witnesses have been deposed, then a date can be set for a "Motion."



J███Monbo, Defendant

May 17, 2021
Date

Page 2 of 2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the DEFENDANT'S COMMENT was mailed on May 17, 2021 to:

**Beth Leaming**
State's Attorney
State's Attorney Office, GA No. 11
120 School Street. Suite 208
Danielson, Connecticut 06239

J███ Monbo, Defendant

May 17, 2021
Date

Page 2 of 2

# EXHIBIT 13

45

**RE-ARREST WARRANT AND APPLICATION**
JD-CR-67 Rev. 2/09
C.G.S. §§ 54-1h, 54-2a, Pr. Bk. 38-21

STATE OF CONNECTICUT
**SUPERIOR COURT**

*Instructions to Clerk: Obtain required signatures. Keep original in court file.*

**Warrant ordered without a hearing**

p. 1 of 2

| Docket number | U.A.R./Summons/Ticket number | G.A | Held at | | | | Date warrant ordered |
|---|---|---|---|---|---|---|---|
| 342S | | 11 | 120 SCHOOL ST DANIELSON | | | | 06/07/2021 |

| Name of accused and A.K.A. | | Date of birth | Race | Sex | Date of original arrest | P.D. case number |
|---|---|---|---|---|---|---|
| | | | B | F | 09/13/2019 | |

| Last known address of accused | | Arresting agency name and code |
|---|---|---|
| | | CSP TROOP D |

The undersigned, being duly sworn, deposes and says:

1. The above-entitled Warrant/Summons/Ticket was served on the accused charging the commission of the following offenses, motor vehicle violation(s) or infraction(s), as more fully appears in said Warrant/Summons/Ticket, or any Substituted and/or Amended Information which is hereby incorporated by reference:

| Statute | Description | Class/Type |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

2. The said accused was directed to appear in the above-entitled court for proceedings in said case.
3. The accused failed to appear on 06/07/2021 _____ when legally called according to the terms of his/her bail bond or promise to appear.
4. The court ordered that a warrant be issued for the arrest of the accused for failure to appear and set the following conditions for release:
   Other: **Tammy Fluet**

**Bond increased without a hearing**

Amount of bond: $ 60000

Type of bond: **Cash, Surety or 10%**

**Fraudulent new charge**

5. As a result of paragraph #4 above, said accused, in addition to the underlying offenses set forth in paragraph #1 above, is now charged with an additional count of: **FAILURE TO APPEAR 2ND DEGREE/C.G.S. 53a-173**

| Signed (Affiant) | Date signed | Subscribed and sworn to before me on (Date) | Signed (Judge, Clerk, Commissioner of the Superior Court) |
|---|---|---|---|
| | 6/7/21 | 6/7/21 | |

Based upon the foregoing, the undersigned prosecuting authority makes application for the issuance of a warrant for the arrest of the accused.

**Application**

| Signed (Deputy Assistant State's Attorney) | Name of Prosecutor (Print) | Date signed |
|---|---|---|
| ← **Jennifer Barry** | ← **Barry** | 6/7/21 |

The foregoing affidavit and Application for an arrest warrant having been submitted to and considered by the undersigned, the undersigned finds from said affidavit that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the re-arrest of the above-named accused.

**Finding and Warrant**

To: Any proper officer of the State of Connecticut

**Temporary Paralegal Ariana Quintero**

By authority of the State of Connecticut, you are hereby commanded to arrest the body of the within-named accused and execute this warrant according to law.

| Signed (A Judge of the Superior Court) | Name of Judge (Print) | Date signed |
|---|---|---|
| | **J. FISCHER** | JUN 07 2021 |

**Return on Arrest Warrant**

**Warrant signed without a hearing**

State of Connecticut, county of _____          Date of service _____

Then and there, by virtue of the within and foregoing complaint and warrant, I arrested the body of the within-named accused and read the same in the hearing of the accused; and said accused was released pursuant to the court ordered conditions or is here in court for examination.

| Attest (Officer's signature and title, if applicable) | Shield number | Department |
|---|---|---|
| | | |

**Distribution:** Officer gives 1 copy to defendant and returns 2 copies to clerk. Clerk forwards 1 copy to prosecuting authority and keeps 1 copy in court file.

# EXHIBIT 14

**Warrant ordered without a hearing**

**RE-ARREST WARRANT AND APPLICATION**
JD-CR-67 Rev. 2/09
C.G.S. §§ 54-1h, 54-2a, Pr. Bk. 38-21

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

*Instructions to Clerk: Obtain required signatures. Keep original in court file.*

p. 1 of ___

| Docket number | U.A.R./Summons/Ticket number | G A | Held at | Date warrant ordered |
|---|---|---|---|---|
| ▮▮▮ 344S | ▮▮▮ | 11 | 120 SCHOOL ST DANIELSON | 06/07/2021 |

| Name of accused and A.K.A | Date of birth | Race | Sex | Date of original arrest | P.D. case number |
|---|---|---|---|---|---|
| ▮▮▮ | ▮▮▮ | B | F | 09/14/2019 | ▮▮▮ |

| Last known address of accused | Arresting agency name and code |
|---|---|
| ▮▮▮ | CSP TROOP D |

The undersigned, being duly sworn, deposes and says:

1. The above-entitled Warrant/Summons/Ticket was served on the accused charging the commission of the following offenses, motor vehicle violation(s) or infraction(s), as more fully appears in said Warrant/Summons/Ticket, or any Substituted and/or Amended Information which is hereby incorporated by reference:

| Statute | Description | Class/Type |
|---|---|---|
| ▮▮▮ | ▮▮▮ | ▮▮▮ |
| ▮▮▮ | ▮▮▮ | ▮▮▮ |

2. The said accused was directed to appear in the above-entitled court for proceedings in said case.

3. The accused failed to appear on 06/07/2021 when legally called according to the terms of his/her bail bond or promise to appear.

4. The court ordered that a warrant be issued for the arrest of the accused for failure to appear and set the following conditions for release:
   Other:

**Bond increased without a hearing**

| Amount of bond: $ | 30000 |
|---|---|

**Fraudulent new charge**

**Tammy Fluet**

Type of bond: **Cash, Surety or 10%**

5. As a result of paragraph #4 above, said accused, in addition to the underlying offenses set forth in paragraph #1 above, is now charged with an additional count of: **FAILURE TO APPEAR 1ST DEGREE/C.G.S. 53a-172**

| Signed (Affiant) | Date signed | Subscribed and sworn to before me on (Date) | Signed (Judge, Clerk, Commissioner of the Superior Court) |
|---|---|---|---|
| *[signature]* | 6/7/21 | 6/7/21 | *[signature]* |

**Application**

Based upon the foregoing, the undersigned prosecuting authority makes application for the issuance of a warrant for the arrest of the accused.

| Signed (Deputy Assistant State's Attorney) | Name of Prosecutor (Print) | Date signed |
|---|---|---|
| *[signature]* ← **Jennifer Barry** | *[signature]* ← **Barry** | 6/7/21 |

**Finding and Warrant**

The foregoing affidavit and Application for an arrest warrant having been submitted to and considered by the undersigned, the undersigned finds from said affidavit that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the re-arrest of the above-named accused.

To: Any proper officer of the State of Connecticut
By authority of the State of Connecticut, you are hereby commanded to arrest the body of the within-named accused and execute this warrant according to law.

**Temporary Paralegal Ariana Quintero**

| Signed (A Judge of the Superior Court) | Name of Judge (Print) | Date signed |
|---|---|---|
| *[signature]* | J. FISCHER | JUN 07 2021 |

**Return on Arrest Warrant**

**Warrant signed without a hearing**

| State of Connecticut, county of | Date of service |
|---|---|

Then and there, by virtue of the within and foregoing complaint and warrant, I arrested the body of the within-named accused and read the same in the hearing of the accused; and said accused was released pursuant to the court ordered conditions or is here in court for examination.

| Attest (Officer's signature and title, if applicable) | Shield number | Department |
|---|---|---|

**Distribution:** Officer gives 1 copy to defendant and returns 2 copies to clerk. Clerk forwards 1 copy to prosecuting authority and keeps 1 copy in court file.